David S. Bloch (SBN: 184530)
dbloch@winston.com
Amanda Jereige (SBN: 324644)
ajereige@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Plaintiff
RINGCENTRAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-19<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT FOR INTERFERENCE WITH BUSINESS ADVANTAGES, TRADE LIBEL, UNFAIR COMPETITION, AND TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION AND SUMMARY OF CLAIMS

1. This action is brought by RingCentral, Inc. ("RingCentral") against one or more individuals engaged in a concerted, broad-based effort to spread false and defamatory information about RingCentral via the World Wide Web and interfere with its business opportunities.

2. RingCentral is a publicly-traded provider of cloud-based communications.

3. The DOE defendants are the registrants of 19 domain names (and creators of websites associated with those domains) that masquerade as those of legitimate businesses although they are not. The DOE defendants used email addresses associated with these phony domains to post false and defamatory negative reviews of RingCentral on websites that allow users to rate or review businesses' services. The DOE defendants have also posted false positive reviews of competing companies in an attempt to steer business opportunities away from RingCentral and to its competitors.

4. Additionally, one or more DOE defendants registered the misleading domain "www.ringcetrnal.com" and subsequently impersonated RingCentral's CEO in an attempt to cause the Better Business Bureau to cancel RingCentral's account.

5. RingCentral now sues the defendants in their DOE capacities to learn their true identities, enjoin further defamatory internet communications, and recover for the significant injuries RingCentral has suffered. RingCentral has already suffered millions of dollars in business losses attributable to the DOE defendants' misconduct, and these losses continue and will continue unless the complained-of conduct is enjoined.

## THE PARTIES

6. RingCentral is a Delaware corporation with its principal place of business in Belmont, California.

7. The true identities of JOHN DOES 1–19 are not known. On information and belief, however, all of the DOE defendants are acting in concert with one another in furtherance of a conspiracy to defame RingCentral and to spread false and malicious rumors and reviews in a successful attempt to harm RingCentral's reputation, standing, and business opportunities. On

information and belief, at least some of the DOE defendants reside in the United States. Plaintiff will seek leave to amend this complaint once the names of these individuals are known.

8. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(b) (trademark infringement and unfair competition), and 1367 (supplemental jurisdiction) in light of Plaintiff's claims for common-law trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125(a) and (d). The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that the parties, on information and belief, are residents of different states and/or foreign countries, and the amount in controversy well exceeds $75,000.

## VENUE

9. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)(2), and (d). A substantial portion of the complained-of activity has a nexus in this District. Plaintiff is headquartered in this District and sustained its injuries within this District, and on information and belief, these false reviews were available and accessed by internet users within this District. And although Plaintiff does not know the true identities of the DOE defendants, it alleges on information and belief that some or all of the DOE defendants are subject to this jurisdiction such that venue is proper.

## INTRADISTRICT ASSIGNMENT [L.R. 3-5(b)]

10. By virtue of Plaintiff's claims for trademark infringement and unfair competition, this action is an Intellectual Property Action and not subject to divisional assignment. Otherwise, pursuant to Local Rule 3-2(e), the matter should be assigned to the San Jose Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. RingCentral is a publicly traded provider of cloud-based communications and collaboration solutions for businesses and is recognized as a global market leader in the unified communications industry. RingCentral has received numerous accolades for its services and has been recognized as a "most trustworthy company" in America.

12. Beginning in mid-2018, the individual or individuals sued as JOHN DOES 1–19 initiated a widespread scheme to deliberately and maliciously defame RingCentral and wrongfully interfere with its business opportunities. From that time to the present, the DOE defendants have

engaged in a broad-based internet campaign of falsehoods against RingCentral in an attempt to damage its reputation and steer potential business towards a competitor.

13. The DOE defendants have accomplished this by each registering domain names and creating fraudulent websites associated with those domains, such that they appeared to be the websites of legitimate businesses. None of these businesses have ever actually existed.

14. The fraudulent websites affiliated with these domains are often verbatim copies of legitimate business websites or simply redirect the user to a legitimate but unrelated business website (with a different business name and different points of contact).

15. The DOE defendants then posted public reviews on VoipReview.com, FitSmallBusiness.com, SoftwareAdvice.com, G2Crowd.com, Capterra.com, ConsumerAffairs.com, and TrustPilot.com (and, on information and belief, other review websites not currently known to RingCentral) using misleading email addresses associated with these fake domains. These posts (1) falsely accused RingCentral of providing poor services that it had never actually provided or engaging in dishonest business practices, and/or (2) provided a RingCentral competitor with a perfect "5-star" rating or positive review.

16. Each of the DOE defendants participated in this scheme to deliberately defame RingCentral, tarnish its reputation, and wrongfully interfere with its business opportunities by registering domains and posting fake reviews of RingCentral and its competitors to mislead consumers. On information and belief, the conduct of each DOE defendant is as follows:

17. JOHN DOE 1 registered the domain "digitalbrandentertainment.com," created a fake website associated with this domain, and posted a fake review on VoipReview from an email address associated with this domain.

18. JOHN DOE 2 registered the domain "countryclubpizza.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain.

19. JOHN DOE 3 registered the domain "magnumtileandstone.com," created a fake website associated with this domain, and posted a fake review on VoipReview from an email address associated with this domain.

1   20.     JOHN DOE 4 registered the domain "mahoganygym.com," created a fake website
2   associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from
3   an email address associated with this domain.
4   21.     JOHN DOE 5 registered the domain "skyblueblinds.com," created a fake website
5   associated with this domain, and posted fake reviews on VoipReview, FitSmallBusiness, and
6   SoftwareAdvice from an email address associated with this domain.
7   22.     JOHN DOE 6 registered the domain "stingrayroofing.com," created a fake website
8   associated with this domain, and posted a fake review on VoipReview from an email address
9   associated with this domain.
10  23.     JOHN DOE 7 registered the domain "wealthhopsimple.com," created a fake website
11  associated with this domain, and posted fake reviews on VoipReview and SoftwareAdvice from an
12  email address associated with this domain.
13  24.     JOHN DOE 8 registered the domain "mainozeansystems.com," created a fake website
14  associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from
15  an email address associated with this domain.
16  25.     JOHN DOE 9 registered the domain "thesisindustries.com," created a fake website
17  associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from
18  an email address associated with this domain.
19  26.     JOHN DOE 10 registered the domain "electronicsint.com," created a fake website
20  associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from
21  an email address associated with this domain. JOHN DOE 10 also posted this same one-star review
22  for RingCentral on TrustPilot under the name "Joe Gage."
23  27.     JOHN DOE 11 registered the domain "walsh-hudson.com" and posted a fake review
24  on VoipReview from an email address associated with this domain.
25  28.     JOHN DOE 12 registered the domain "rueckerandsons.com" and posted a fake review
26  on VoipReview from an email address associated with this domain.
27  29.     JOHN DOE 13 registered the domain "heathcotellc.com" and posted a fake review on
28  VoipReview from an email address associated with this domain.

30. JOHN DOE 14 registered the domain "kulasplc.com," created a fake website that simply redirects the user to the website of an unrelated legitimate business, and posted a fake review on VoipReview from an email address associated with this domain.

31. JOHN DOE 15 registered the domain "bosco-little.com" and posted a fake review on VoipReview from an email address associated with this domain.

32. JOHN DOE 16 registered the domain "insulose.com" and posted a fake review on VoipReview from an email address associated with this domain.

33. JOHN DOE 17 registered the domain "kellycohenrehab.com" and posted a fake review on VoipReview from an email address associated with this domain.

34. JOHN DOE 18 registered the domain "metrogenixdistribution.com" and posted a fake review on VoipReview from an email address associated with this domain.

35. On information and belief, JOHN DOES 1–18 also posted fake reviews of RingCentral or its competitors on G2Crowd.com, Capterra.com, ConsumerAffairs.com, and other review websites.

36. Each DOE defendant engaged in the above conduct with the intent to maliciously defame RingCentral, tarnish its reputation, and/or interfere with its business opportunities by wrongfully steering potential customers away from RingCentral and toward its competitors.

37. Additionally, during this same time period, JOHN DOE 19 registered the domain "ringcetrnal.com" in an obvious attempt to mimic Plaintiff's domain (ringcentral.com) and deceive others. On information and belief, DOE 19 then sent an email to the Better Business Bureau from an email address associated with this misleading domain and claimed to be RingCentral's CEO in an attempt to cause the Better Business Bureau to cancel RingCentral's account.

38. The acts described above were done without the permission of RingCentral and have caused the company great distress and economic hardship.

**FIRST CAUSE OF ACTION**

**(Interference with Prospective Economic Advantage)**

39. Plaintiff incorporates paragraphs 1 to 38 by reference.

40. An economic relationship exists between RingCentral and its customers and prospects, containing probable future economic benefit or advantage to RingCentral.

41. The DOE defendants knew or should have known of the existence of the relationships between RingCentral and its customers and prospective customers.

42. The DOE defendants intentionally and knowingly—or, alternatively, negligently—engaged in wrongful conduct designed to interfere with or disrupt the relationship between RingCentral and its customers and prospective customers.

43. The DOE defendants intended to interfere or disrupt the relationship between RingCentral and its customers and prospective customers (or, alternatively, acted in ways that could reasonably be expected to interfere with or disrupt such relationships) by spreading malicious falsehoods about RingCentral, attempting to wrongfully and deceitfully redirect prospective customers to RingCentral's competitors, and passing themselves off as either customers or agents of RingCentral.

44. The DOE defendants actually interfered with the economic relationship between RingCentral and its customers and prospective customers.

45. As a proximate result of the wrongful acts of the DOE defendants, RingCentral has suffered and will continue to suffer substantial damages. The precise nature and amount of such accrued and continuing damages is not known by Plaintiff and cannot be ascertained by it at the present time, but such damages are on information and belief substantial and in an amount to be proven at trial.

46. The DOE defendants engaged in interference with RingCentral's contractual and business relationships maliciously, oppressively, and with a wanton disregard of RingCentral's rights. RingCentral is therefore entitled to the payment of damages in a sum sufficient to punish the DOE defendants, to set an example, and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

**(Trade Libel – Cal. Civil Code §§ 45 & 46 (3))**

47. Plaintiff incorporates paragraphs 1 to 38 by reference.

48. The DOE defendants published and continue to publish false statements of fact that have disparaged RingCentral, its business, and its commercial properties. Such statements by the DOE defendants, and each of them, are provably false, and in reality the DOE defendants have never been customers of RingCentral.

49. By the acts described above, the DOE defendants conspired to cause, and in fact caused, publication of unprivileged defamatory statements in their online review posts concerning RingCentral. The defamation consisted of knowingly and/or recklessly false communications tending directly to injure RingCentral in its business and professional reputations.

50. The defamatory review posts were published with ill will, malice, and intent to vex, harass, annoy, and injure RingCentral. They were made by the DOE defendants with knowledge that no adequate and/or reliable investigation supported the reckless, wanton, unsubstantiated, and false statements concerning Plaintiff's professional competence, reputation, and behavior.

51. The defamatory review posts were made by the DOE defendants with the design and intent to injure RingCentral and its good name and were provably false when made. And they have, in fact, injured Plaintiff.

52. As a proximate and direct result of the publication of the defamatory review posts by the DOE defendants, and each of them, RingCentral has suffered injury to its business and professional reputation and further has suffered and continues to suffer humiliation, anguish, and injury.

53. The DOE defendants will perform further acts of disparagement and unless they are restrained by the appropriate injunctive relief, RingCentral will continue to suffer immediate, irreparable, and incalculable loss of revenue and harm to its business reputation, goodwill, and the integrity of its operations, for which there is no adequate remedy at law.

54. As a direct result of the DOE defendants' trade libels, RingCentral has suffered pecuniary loss in an amount to be proven at trial. In particular, the DOE defendants' false and disparaging comments about RingCentral have caused its customers and prospective customers to reconsider and discontinue their use of RingCentral's services. As a consequence, RingCentral has lost revenue it would ordinarily have but for the DOE defendants' public and disparaging comments.

55. The aforementioned disparagement was willful, wanton, and malicious in that it was specifically and intentionally undertaken to injure RingCentral's financial position and deprive RingCentral from the benefits derived from its goodwill and reputation. RingCentral is therefore entitled to general, special, and exemplary damages, in amounts according to proof at trial.

## THIRD CAUSE OF ACTION

**(Trademark Infringement and Cybersquatting –
15 U.S.C. §§ 1114, 1125(d) – against DOE 19)**

56. Plaintiff incorporates paragraphs 1 to 15 and 37 to 38 by reference.

57. RingCentral is a well-known and recognizable name among those in the cloud-based communications industry.

58. RingCentral owns multiple registered trademarks for the brand name RINGCENTRAL, including U.S. Registration Nos. 3,302,115; 3,704,843; and 3,602,430, as well as many other registrations and applications that incorporate or use the RINGCENTRAL mark.

59. RingCentral maintains a website at www.ringcentral.com, that embodies the RINGCENTRAL trademarks and advertises RingCentral's goods and services.

60. DOE 19 has falsely registered at least one domain name (ringcetrnal.com) strongly suggestive of the RingCentral brand name, as reflected in its own legitimate domain (ringcentral.com).

61. DOE 19 has used RingCentral's marks without authorization in a deliberate attempt to mislead third parties into believing that DOE 19 was an agent of Plaintiff.

62. Said acts by DOE 19 constitute violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125 (d).

63. As they were intended to do, DOE 19's actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of DOE 19 with RingCentral, and are further likely to damage the reputation and goodwill previously established by RingCentral, including the value of the RingCentral brand name.

64. By reason of the unlawful conduct alleged above, and as a direct and proximate result of it, RingCentral has suffered substantial injury to its goodwill and reputation.

## FOURTH CAUSE OF ACTION

**(Unfair Competition – 15 U.S.C. § 1125 (a),
Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

65. Plaintiff incorporates paragraphs 1 to 64 by reference.

66. By virtue of the acts and omissions set forth above, DOEs 1–19 have engaged in unfair competition within the meaning of the Lanham Act, California Business and Professions Code § 17200, and California common law, thereby entitling RingCentral to damages and injunctive and restitutionary relief as provided by those laws.

67. The above acts of DOE defendants were willful, oppressive, and malicious, in that the DOE defendants engaged in acts of unfair competition with the deliberate intent to injure Plaintiff's business. RingCentral is therefore entitled to payment of damages in a sum sufficient to punish the DOE defendants and to set an example and deter such conduct in the future.

68. As a direct and foreseeable result of the DOE defendants' unfair competition, RingCentral has suffered and will continue to suffer substantial irreparable harm. Plaintiff believes that unless enjoined, the DOE defendants will continue to engage in the same or substantially similar conduct and will inflict great and irreparable harm, including the continued dissemination of blatant and damaging falsehoods about RingCentral's honesty, business practices, and quality of service.

69. Plaintiff does not know the full extent of its damages, but believes that the total damages from all causes alleged above exceeds $75,000 and is increasing each day the DOE defendants' wrongful acts continue. When Plaintiff has ascertained more clearly the extent of its damages, it will seek amendment in order to allege them.

## PRAYER FOR RELIEF

WHEREFORE, RingCentral, Inc. prays for judgment against the DOE defendants, in their individual or corporate capacities, as follows:

1. Preliminarily and permanently enjoining the DOE defendants, and all persons or entities in active concert or participation with them, from using RingCentral's or its agents' names or marks (or confusingly similar names or marks) to infringe, unfairly compete against, disparage, assume the identity of, or defame Plaintiff, its professional reputation, and name and marks;

2. For general and special damages based upon damage to Plaintiff's professional reputation;

3. For an award of punitive damages against the DOE defendants, and each of them, in amounts sufficient to punish and deter them from engaging in the outrageous and despicable conduct described in this complaint;

4. For an order for restitution to Plaintiff of the DOE defendants' unjust enrichment and unlawful gains to the detriment of Plaintiff;

5. For prejudgment interest under applicable law;

6. For attorneys' fees and costs of suit; and

7. For such other and further relief that the Court deems just and proper.

Dated: May 14, 2019                             WINSTON & STRAWN LLP

                                                By:  /s/ David S. Bloch
                                                     David S. Bloch (SBN: 184530)
                                                     dbloch@winston.com
                                                     Amanda Jereige (SBN: 324644)
                                                     ajereige@winston.com
                                                     WINSTON & STRAWN LLP
                                                     101 California Street, 34th Floor
                                                     San Francisco, CA  94111-5840
                                                     Telephone:   (415) 591-1000
                                                     Facsimile:   (415) 591-1400

                                                     Attorneys for Plaintiff
                                                     RINGCENTRAL, INC.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 14, 2019                             WINSTON & STRAWN LLP

                                                By:  /s/ David S. Bloch
                                                     David S. Bloch (SBN: 184530)
                                                     dbloch@winston.com
                                                     Amanda Jereige (SBN: 324644)
                                                     ajereige@winston.com

WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA  94111-5840
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

Attorneys for Plaintiff
RINGCENTRAL, INC.