David S. Bloch (SBN: 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Plaintiff
RINGCENTRAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., a Delaware corporation<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Nextiva, Inc., an Arizona corporation; UnitedWeb, Inc., an Arizona corporation; and DOES 3-19,<br><br>　　　　Defendant. | **Case No. 5:19-cv-02626-NMC**<br><br>**FIRST AMENDED COMPLAINT FOR INTERFERENCE WITH BUSINESS ADVANTAGES, TRADE LIBEL, UNFAIR COMPETITION, AND TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION AND SUMMARY OF CLAIMS**

1. This action is brought by RingCentral, Inc. against UnitedWeb and its subsidiary, Nextiva. UnitedWeb and Nextiva collectively are engaged in a concerted, deliberate, broad-based effort to spread false and defamatory information about RingCentral via the World Wide Web and interfere with RingCentral's business opportunities.

2. On information and belief, the defendants registered at least 19 domain names and created websites associated with those domains that masquerade as legitimate businesses although they are not. The registrants used email addresses associated with these phony domains to post false and defamatory negative reviews of RingCentral on websites that allow users to rate or review businesses' services. They also posted false positive reviews of Nextiva to steer business opportunities away from RingCentral and to Nextiva.

3. Additionally, on information and belief, one or more of the defendants registered the misleading domain "www.ringcetrnal.com" and subsequently impersonated Vladimir Shmunis to cause the Better Business Bureau to cancel RingCentral's account.

4. RingCentral now sues UnitedWeb and Nextiva to enjoin further defamatory internet communications and recover for the significant injuries RingCentral has suffered and will continue to suffer unless the complained-of conduct is enjoined.

**THE PARTIES**

5. RingCentral is a Delaware corporation with its principal place of business in Belmont, California.

6. On information and belief, UnitedWeb is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

7. On information and belief, Nextiva, Inc. is an Arizona corporation having a place of business also located in Scottsdale, Arizona. On information and belief, Nextiva is a wholly owned subsidiary of UnitedWeb.

8. The true identities of JOHN DOES 3-19 are not known. On information and belief, however, all of the DOE defendants are acting in concert with one another in furtherance of a conspiracy to defame RingCentral and to spread false and malicious rumors and reviews in a

successful attempt to harm RingCentral's reputation, standing, and business opportunities. On information and belief, at least some of the DOE defendants reside in the United States. RingCentral will seek leave to amend this complaint once the names of these individuals are known.

9. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(b) (trademark infringement and unfair competition), and 1367 (supplemental jurisdiction) in light of RingCentral's claims for common-law trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125(a) and (d). The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that the parties, on information and belief, are residents of different states and/or foreign countries, and the amount in controversy well exceeds $75,000.

## VENUE

10. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)(2), and (d). A substantial portion of the complained-of activity has a nexus in this District. RingCentral is headquartered in this District and sustained its injuries within this District, and on information and belief, these false reviews were available and accessed by internet users within this District.

11. Nextiva operates a regular and established place of business in this District at 5201 Great America Parkway, Suite 320, Santa Clara, CA 95054.

12. On information and belief, UnitedWeb owns and operates Nextiva (which, as noted, has a regular and established place of business in this District) and SiteLock, both of which target their goods and services nationwide and to residents of this judicial district.

## INTRADISTRICT ASSIGNMENT [L.R. 3-5(b)]

13. By virtue of RingCentral's claims for trademark infringement and unfair competition, this action is an Intellectual Property Action and not subject to divisional assignment. Otherwise, pursuant to Local Rule 3-2(e), the matter should be assigned to the San Jose Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. RingCentral is a publicly-traded corporation with a place of business in Belmont, CA. RingCentral (NYSE: RNG) is the Gartner Magic Quadrant leader in providing cloud-based unified communications as a service. Its software-as-a-service platform provides a comprehensive set of business communications features for voice, virtual private branch exchange ("vPBX"), audio and

video conferencing, messaging, contact center, collaboration, SMS, online meetings, contact center, and fax.  The World Economic Forum has recognized Vladimir Shmunis, RingCentral's co-founder, CEO, and Chairman, with the "Technology Pioneer of the Year Award," and RingCentral has won numerous industry awards recognizing its world-class, leading technology solutions.

15.   Nextiva also provides the cloud-based unified communications market with business phone solutions, including voice, video, and messaging.  Nextiva is a competitor of RingCentral.  It shares the same principal place of business (in Scottsdale, Arizona) as UnitedWeb.

16.   UnitedWeb and Nextiva share multiple executives in common.  They have the same CEO, co-founders, and General Counsel; UnitedWeb's President is also Nextiva's "Chief Amazing Officer"; and UnitedWeb's "Executive Administration" is also Nextiva's "Chief of Staff." UnitedWeb describes Nextiva online as one of UnitedWeb's "brands."

17.   UnitedWeb and Nextiva each boast of their ethical business practices.  UnitedWeb's corporate website claims that it "reward[s] people that lead by hard work, commitment and integrity."  Their mutual founder says that "we try to do the right thing with the right frame of mind."

18.   Nevertheless, on information and belief, beginning in mid-2018, the defendants initiated a widespread scheme to deliberately and maliciously defame RingCentral and wrongfully interfere with its business opportunities, with the goal of improving the competitive standing of Nextiva, UnitedWeb's subsidiary.  From that time to the present, the defendants and their agents have engaged in a broad-based internet campaign of falsehoods against RingCentral to damage its reputation and steer potential business towards Nextiva.

19.   On information and belief, the defendants have accomplished this by fabricating fictitious online personas, registering domain names using fake contact information, and creating fraudulent websites associated with those domains, such that they appeared to be the websites of legitimate businesses.  None of these businesses are legitimate enterprises that have ever actually existed.

20.   The fraudulent websites affiliated with these domains are often verbatim copies of legitimate business websites or simply redirect the user to a legitimate but unrelated business website (with a different business name and different points of contact).

21.     On information and belief, defendants or their agents then posted public reviews on a number of independent online communications and collaboration review websites, including VoipReview.com, FitSmallBusiness.com, SoftwareAdvice.com, G2Crowd.com, Capterra.com, ConsumerAffairs.com, and TrustPilot.com (and, on information and belief, other review websites not currently known to RingCentral) using fake personas and misleading email addresses associated with these fake domains.  These posts provided low ratings of RingCentral's services by (1) falsely accusing RingCentral of providing poor services that it had never actually provided or engaging in dishonest business practices, and/or (2) providing Nextiva with a perfect "5-star" rating or positive review.

22.     On information and belief, defendants knowingly participated in this unlawful scheme to deliberately defame RingCentral, tarnish its reputation, and wrongfully interfere with its business opportunities by registering domains and posting fake reviews of RingCentral and its competitors to mislead consumers, all to the benefit of Nextiva and its parent, UnitedWeb.  On information and belief, the conduct of defendants and their agents is as follows:

   a.   Nextiva's IT Director, Eric Sornoso, registered the domain "digitalbrandentertainment.com," created a fake website associated with this domain, and posted a fake review on VoipReview from an email address associated with this domain.  On information and belief, while Sornoso was employed by Nextiva he also operated a business called ReviewsDesk whose services involved artificially boosting social-media rankings and favorable profiles, including by "seeding" third party review websites with false reviews on behalf of clients.  Sornoso registered digitalbrandentertainment.com with the domain name registrar Bluehost.  On information and belief, Bluehost is a subsidiary of Endurance International Group Holdings, Inc.  UnitedWeb identifies Endurance as one of its affiliated public companies, and on information and belief, the founder of UnitedWeb and Nextiva also sits on Endurance's Board of Directors.

   b.   Defendants or their agents registered the domain "countryclubpizza.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain.

       c.     Defendants or their agents registered the domain "magnumtileandstone.com," created a fake website associated with this domain, and posted a fake review on VoipReview from an email address associated with this domain.

       d.     Defendants or their agents registered the domain "mahoganygym.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain.

       e.     Defendants or their agents registered the domain "skyblueblinds.com," created a fake website associated with this domain, and posted fake reviews on VoipReview, FitSmallBusiness, and SoftwareAdvice from an email address associated with this domain.

       f.     Defendants or their agents registered the domain "stingrayroofing.com," created a fake website associated with this domain, and posted a fake review on VoipReview from an email address associated with this domain.

       g.     Defendants or their agents registered the domain "wealthhopsimple.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and SoftwareAdvice from an email address associated with this domain.

       h.     Defendants or their agents registered the domain "mainozeansystems.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain.

       i.     Defendants or their agents registered the domain "thesisindustries.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain.

       j.     Defendants or their agents registered the domain "electronicsint.com," created a fake website associated with this domain, and posted fake reviews on VoipReview and FitSmallBusiness from an email address associated with this domain. Defendants or their agents also posted this same one-star review for RingCentral on TrustPilot under the name "Joe Gage" and another one-star review on FitSmallBusiness under the name "Susan Gonzalez."

       k.     Defendants or their agents registered the domain "walsh-hudson.com" and posted a fake review on VoipReview from an email address associated with this domain.

l. Defendants or their agents registered the domain "rueckerandsons.com" and posted a fake review on VoipReview from an email address associated with this domain.

m. Defendants or their agents registered the domain "heathcotellc.com" and posted a fake review on VoipReview from an email address associated with this domain.

n. Defendants or their agents registered the domain "kulasplc.com," created a fake website that simply redirects the user to the website of an unrelated legitimate business, and posted a fake review on VoipReview from an email address associated with this domain.

o. Defendants or their agents registered the domain "bosco-little.com" and posted a fake review on VoipReview from an email address associated with this domain.

p. Defendants or their agents registered the domain "insulose.com" and posted a fake review on VoipReview from an email address associated with this domain.

q. Defendants or their agents registered the domain "kellycohenrehab.com" and posted a fake review on VoipReview from an email address associated with this domain.

r. Defendants or their agents registered the domain "metrogenixdistribution.com" and posted a fake review on VoipReview from an email address associated with this domain.

23. On information and belief, defendants or their agents also posted other fake reviews of RingCentral or its competitors on FitSmallBusiness.com, G2Crowd.com, Capterra.com, ConsumerAffairs.com, and other review websites using as many as 40 other fake businesses.

24. On information and belief, the defendants engaged in the above conduct with the intent to maliciously defame RingCentral, tarnish its reputation, and/or interfere with its business opportunities by wrongfully steering potential customers away from RingCentral and toward Nextiva, for the benefit of Nextiva and its sister and parent companies, Endurance and UnitedWeb.

25. Additionally, on information and belief, during this same time period, defendants or their agents registered the domain "ringcetrnal.com" in an obvious attempt to mimic RingCentral's domain (ringcentral.com) and deceive others. On information and belief, the registrant then sent an email to the Better Business Bureau from an email address associated with this misleading domain

and claimed to be RingCentral's CEO to cause the Better Business Bureau to cancel RingCentral's account.

26. On information and belief, these known acts are just the tip of the iceberg; Nextiva and UnitedWeb also have registered other and further fake businesses and also have posted false and defamatory reviews on other websites than the ones RingCentral has been able to identify to date.

27. The acts described above were done without the permission of RingCentral and have caused the company great distress and economic hardship.

## FIRST CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

28. RingCentral incorporates paragraphs 1 to 27 by reference.

29. An economic relationship exists between RingCentral and its customers and prospects, containing probable future economic benefit or advantage to RingCentral.

30. Defendants knew or should have known of the existence of the relationships between RingCentral and its customers and prospective customers.

31. On information and belief, the defendants intentionally and knowingly—or, alternatively, negligently—engaged in wrongful conduct designed to interfere with or disrupt the relationship between RingCentral and its customers and prospective customers.

32. Defendants intended to interfere or disrupt the relationship between RingCentral and its customers and prospective customers (or, alternatively, acted in ways that could reasonably be expected to interfere with or disrupt such relationships) by spreading malicious falsehoods about RingCentral, attempting to wrongfully and deceitfully redirect prospective customers to RingCentral's competitors, and passing themselves off as either customers or agents of RingCentral.

33. Defendants actually interfered with the economic relationship between RingCentral and its customers and prospective customers by, amongst other things, misleading RingCentral customers and prospective customers to believe that RingCentral's services are inadequate, thus deterring them from engaging (or even considering) RingCentral as a provider. In addition, the defendants' misconduct has required RingCentral to expend additional monies on advertising and

related marketing in order to counteract the false reviews posted by the defendants, unnecessarily driving up customer acquisition costs.  And the defendants' misconduct has impacted existing customers, who may be prompted by these false reviews to reconsider their existing business relationship with RingCentral in favor of Nextiva or another competitor.

34.  As a proximate result of the defendants' wrongful acts, RingCentral has suffered and will continue to suffer substantial damages well over any jurisdictional minimums in an amount to be proven at trial.

35.  On information and belief, the defendants engaged in interference with RingCentral's contractual and business relationships maliciously, oppressively, and with a wanton disregard of RingCentral's rights.  RingCentral is therefore entitled to the payment of damages in a sum sufficient to punish the defendants, to set an example, and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

### (Trade Libel – Cal. Civil Code §§ 45 & 46 (3))

36.  RingCentral incorporates paragraphs 1 to 27 by reference.

37.  On information and belief, the defendants published and continue to publish false statements of fact that have disparaged RingCentral, its business, and its commercial properties. Such statements by the defendants are provably false, and in reality, neither the defendants nor the fake companies they created have ever been customers of RingCentral.

38.  By the acts described above, the defendants conspired to cause, and in fact caused, publication of unprivileged defamatory statements in their online review posts concerning RingCentral.  The defamation consisted of knowingly and/or recklessly engaging in false communications tending directly to injure RingCentral in its business and professional reputations.

39.  The defamatory review posts were published with ill will, malice, and intent to vex, harass, annoy, and injure RingCentral.  On information and belief, they were made by or on behalf of the defendants with knowledge that no adequate and/or reliable investigation supported the reckless, wanton, unsubstantiated, and false statements concerning RingCentral's professional competence, reputation, and behavior.

40. On information and belief, the defamatory review posts were made by or on behalf of the defendants with the design and intent to injure RingCentral and its good name and were provably false when made. And they have, in fact, injured RingCentral.

41. As a proximate and direct result of the publication of the defamatory review posts by or on behalf of the defendants, RingCentral has suffered injury to its revenues, business, and professional reputation, and further has suffered and continues to suffer humiliation, anguish, and injury.

42. On information and belief, the defendants will perform or cause to be performed further acts of disparagement and unless they are restrained by the appropriate injunctive relief, RingCentral will continue to suffer immediate, irreparable, and incalculable loss of revenue and harm to its business reputation, goodwill, and the integrity of its operations, for which there is no adequate remedy at law.

43. As a direct result of the defendants' trade libels, RingCentral has suffered pecuniary loss in an amount to be proven at trial. In particular, the defendants' false and disparaging comments about RingCentral have caused its customers and prospective customers to reconsider and discontinue their use of RingCentral's services. Consequently, RingCentral has lost revenue it would ordinarily have but for the defendants' public and disparaging comments, which the defendants tried to conceal under a false flag.

44. The aforementioned disparagement was willful, wanton, and malicious in that it was specifically and intentionally undertaken to injure RingCentral's financial position and deprive RingCentral from the benefits derived from its goodwill and reputation. RingCentral is therefore entitled to general, special, and exemplary damages, in amounts according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Trademark Infringement and Cybersquatting – 15 U.S.C. §§ 1114, 1125(d) – against DOE 19)**

45. RingCentral incorporates paragraphs 1 to 20 and 25 to 27 by reference.

46. RingCentral is a well-known and recognizable name among those in the cloud-based communications industry.

47. RingCentral owns multiple registered trademarks for the brand name RINGCENTRAL, including U.S. Registration Nos. 3,302,115; 3,704,843; and 3,602,430, as well as many other domestic and international registrations and applications that incorporate or use the RINGCENTRAL mark. RingCentral has offered its unified communications services under the registered RINGCENTRAL trademarks since at least February 1994. As a result of RingCentral's long, extensive, and widely distributed use of the RINGCENTRAL marks in association with quality unified communication services, the RingCentral brand name has amassed significant goodwill in the unified communications industry.

48. RingCentral maintains a website at www.ringcentral.com, that embodies the RINGCENTRAL trademarks and advertises RingCentral's goods and services, as well as hundreds of other domain names using or incorporating the RINGCENTRAL mark.

49. On information and belief, the defendants or their agents falsely registered at least one domain name (ringcetrnal.com) strongly suggestive of the RingCentral brand name, as reflected in its own legitimate domain (ringcentral.com).

50. The ringcetrnal.com domain name is confusingly similar to the registered RINGCENTRAL trademarks. Every single letter of the RINGCENTRAL trademark is featured in the domain name in almost the exact same order, with the exception of a single letter relocation.

51. On information and belief, Defendants or their agents have registered the confusingly similar ringcetrnal.com domain name in a bad faith attempt to divert actual and potential customers away from RingCentral's legitimate website. Defendants or their agents have further used the confusingly similar domain name to falsely impersonate RingCentral's co-founder, CEO, and chairman in a bad faith attempt to benefit commercially by deceptively initiating a cancellation of RingCentral's account with the Better Business Bureau.

52. On information and belief, the defendants or their agents have used RingCentral's marks without authorization in a deliberate attempt to mislead third parties into believing that the defendants or their agents were actually an agent of RingCentral.

53. Said conduct violates of the Lanham Act, 15 U.S.C. §§ 1114, 1125 (d).

54. As they were intended to do, the defendants' actions are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the defendants with RingCentral, and are further likely to damage the reputation and goodwill previously established by RingCentral, including the value of the RingCentral brand name.

55. By reason of the unlawful conduct alleged above, and as a direct and proximate result of it, RingCentral has suffered substantial injury to its goodwill and reputation.

### FOURTH CAUSE OF ACTION

**(Unfair Competition – 15 U.S.C. § 1125 (a), Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

56. RingCentral incorporates paragraphs 1 to 55 by reference.

57. By virtue of the acts and omissions set forth above, the defendants have engaged in unfair competition within the meaning of the Lanham Act, California Business & Professions Code § 17200, and California common law, thereby entitling RingCentral to damages and injunctive and restitutionary relief as provided by those laws.

58. On information and belief, the defendants' acts as set forth above were willful, oppressive, and malicious, in that the defendants engaged in acts of unfair competition with the deliberate intent to injure RingCentral's business. RingCentral is therefore entitled to payment of damages in a sum sufficient to punish the defendants and to set an example and deter such conduct in the future.

59. As a direct and foreseeable result of the defendants' unfair competition, RingCentral has suffered and will continue to suffer substantial irreparable harm. RingCentral believes that, unless enjoined, the defendants will continue to engage in the same or substantially similar conduct and will inflict great and irreparable harm, including the continued dissemination of blatant and damaging falsehoods about RingCentral's honesty, business practices, and quality of service.

60. RingCentral does not know the full extent of its damages, but believes that the total damages from all causes alleged above exceeds $75,000 and is increasing each day the defendants' wrongful acts continue and its false and misleading statements remain online. When RingCentral has ascertained the extent of its damages, it will seek amendment in order to allege them.

## PRAYER FOR RELIEF

WHEREFORE, RingCentral, Inc. prays for judgment against the defendants as follows:

1. Preliminarily and permanently enjoining the defendants and all persons or entities in active concert or participation with them from using RingCentral's or its agents' names or marks (or confusingly similar names or marks) to infringe, unfairly compete against, disparage, assume the identity of, or defame RingCentral, its professional reputation, and name and marks;

2. For general and special damages based upon damage to RingCentral's professional reputation;

3. For an award of punitive damages against the defendants in an amount sufficient to punish and deter it and other competitors from engaging in the outrageous and despicable conduct described in this complaint;

4. For an order for restitution to RingCentral of Nextiva's unjust enrichment and unlawful gains to the detriment of RingCentral;

5. For prejudgment interest under applicable law;

6. For attorneys' fees and costs of suit; and

7. For such other and further relief that the Court deems just and proper.

Dated: November 22, 2019     GREENBERG TRAURIG, LLP

By: /s/ David S. Bloch
David S. Bloch (SBN: 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Plaintiff
RINGCENTRAL, INC.

## JURY TRIAL DEMANDED

RingCentral demands a trial by jury on all issues so triable.

| | | |
|---|---|---|
| Dated: November 22, 2019 | | GREENBERG TRAURIG, LLP |
| | By: | /s/ David S. Bloch |
| | | David S. Bloch (SBN: 184530) |
| | | blochd@gtlaw.com |
| | | GREENBERG TRAURIG, LLP |
| | | Four Embarcadero Center, Suite 3000 |
| | | San Francisco, CA 94111 |
| | | Telephone: (415) 655-1300 |
| | | Facsimile: (415) 415-707-2010 |
| | | |
| | | Attorneys for Plaintiff |
| | | RINGCENTRAL, INC. |