1   Donald J. Kula, Bar No. 144342
    DKula@perkinscoie.com
2   Oliver M. Gold, Bar No. 279033
    OGold@perkinscoie.com
3   **PERKINS COIE LLP**
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

6   Aaron J. Ver, Bar No. 295409
    AVer@perkinscoie.com
7   **PERKINS COIE LLP**
    505 Howard Street
8   Suite 1000
    San Francisco, CA 94105-3204
9   Telephone:  415.344.7000
    Facsimile:  415.344.7050

10
    Attorneys for Defendants
11  Nextiva, Inc. and UnitedWeb, Inc.

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN JOSE DIVISION**

15  RINGCENTRAL, INC., a Delaware       Case No. 5:19-cv-02626-NMC
    corporation,
16                                      **DEFENDANTS NEXTIVA, INC.'S
                                        AND UNITEDWEB, INC.'S NOTICE
17             Plaintiff,               OF MOTION AND MOTION TO
                                        DISMISS FIRST AMENDED
18        v.                            COMPLAINT AND FOR A MORE
                                        DEFINITE STATEMENT;
19  NEXTIVA, INC., an Arizona corporation;  MEMORANDUM OF POINTS AND
    UNITEDWEB, INC., an Arizona         AUTHORITIES IN SUPPORT
20  corporation; and DOES 3–19,         THEREOF**

21             Defendants.              Date:     February 12, 2020
                                        Time:     1:00 p.m.
22                                      Judge:    Hon. Nathanael M. Cousins
                                        Location: Courtroom 5
23

24

25

26

27

28

1   TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE THAT on February 12, 2020, at 1:00 p.m., or as soon thereafter

3   as the matter may be heard, in Courtroom 5, 4th Floor of the San Jose Federal Courthouse, 280

4   South 1st Street, San Jose, California 95113, before the Honorable Nathanael M. Cousins,

5   Defendants Nextiva, Inc. ("Nextiva") and UnitedWeb, Inc. ("UnitedWeb" and collectively with

6   Nextiva, "Defendants") will, and hereby do, move this Court for an order dismissing Plaintiff

7   RingCentral, Inc.'s ("RingCentral") First Amended Complaint (the "FAC").

8       This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on

9   the grounds that the Complaint fails to allege facts sufficient to state any claim upon which relief

10  can be granted and fails to allege requisite elements of each of its claims against Defendants.

11  Defendants also move for a more definite statement of RingCentral's third claim for Trademark

12  Infringement and Cybersquatting, pursuant to Federal Rule of Civil Procedure 12(e), because the

13  allegations are vague, ambiguous, and unintelligible, and thereby deprive the Defendants of a

14  reasonable opportunity to respond to those claims, if necessary.

15      This Motion is based upon this Notice, the accompanying Memorandum of Points and

16  Authorities, the Request for Judicial Notice, any reply memorandum, the filings in this action,

17  and such other matters as may be presented at or before the hearing.

18
19  DATED:  January 7, 2020              **PERKINS COIE LLP**

20                             By: */s/ Donald J. Kula*

21                                Donald J. Kula, Bar No. 144342
    DKula@perkinscoie.com

22                                Oliver M. Gold, Bar No. 279033
    OGold@perkinscoie.com

23                                Aaron J. Ver, Bar No. 295409
    AVer@perkinscoie.com

24                                Attorneys for Defendants
    Nextiva, Inc. and UnitedWeb, Inc.

25
26
27
28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.     INTRODUCTION ...................................................................................................... 1

II.    ISSUES TO BE DECIDED ........................................................................................ 3

III.   BACKGROUND ........................................................................................................ 3

IV.    LEGAL STANDARD ................................................................................................ 3

V.     ARGUMENT .............................................................................................................. 4

       A.     RingCentral's interference with prospective economic advantage claim must be dismissed because it fails to allege any specific economic relationships, any independently wrongful conduct, or any economic harm ....................................... 4

       B.     RingCentral's trade libel claim does not allege any actionable false statement of fact or special damages suffered by RingCentral ..................................................... 7

              1.     RingCentral fails to plead sufficient facts to show that Nextiva or UnitedWeb made any false statement of fact ............... 7

              2.     Assuming arguendo the veracity and sufficiency of RingCentral's pleading, the described reviews underlying this claim constitute protected opinions under the First Amendment ....................................................................................... 8

              3.     RingCentral fails to allege special damages it suffered as a result of Defendants' purported conduct ........................................... 9

       C.     RingCentral's unfair competition claim is fatally defective under Section 17200, the Lanham Act, and California common law ........................................................ 10

              1.     RingCentral fails to allege facts sufficient to plead a claim under the "unfair" prong of Section 17200 ................................. 10

              2.     RingCentral does not adequately allege an unfair competition claim under the Lanham Act .................................... 12

              3.     RingCentral fails to allege an unfair competition claim under California's common law .................................................... 13

       D.     To the extent RingCentral's claim for trademark infringement and cybersquatting is alleged against Defendants, it too fails; to the extent it is not, a more definite statement is warranted ................................................................................................ 14

       E.     All claims as to UnitedWeb should be dismissed because public information demonstrates that UnitedWeb does not own Nextiva ........................................... 14

       F.     Leave to amend is not warranted ........................................................................ 16

VI.    CONCLUSION ............................................................................................................ 16

1

## TABLE OF AUTHORITIES

2

Page

3

CASES

4

*Aquawood, LLC v. Toys "R" Us-Del., Inc.*,
   No. 2:15-cv-05869-AB, 2016 WL 10576620 (C.D. Cal. Mar. 10, 2016)................................13

5

6

*Arthur J. Gallagher & Co. v. Lang*,
   No. C 14–0909 CW, 2014 WL 6816644 (N.D. Cal. Dec. 3, 2014) ...........................................6

7

8

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................. passim

9

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) .............................................4

10

*Auvil v. CBS 60 Minutes*,
   67 F.3d 816 (9th Cir. 1995).....................................................................................8

11

12

*Baugh v. CBS, Inc.*,
   828 F. Supp. 745 (N.D. Cal. 1993) ........................................................................12

13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................. passim

14

15

*Bernstein v. Health Net Life Ins. Co.*,
   No. 12CV00717AJBJMA, 2013 WL 12095240 (S.D. Cal. Apr. 4, 2013) ...............................6

16

17

*Brown v. Stroud*,
   No. 08-CV-02348 JSW (NC), 2014 WL 1308342 (N.D. Cal. Mar. 31, 2014),
   *report and recommendation adopted*, No. C 08-02348 JSW, 2014 WL
   12639917 (N.D. Cal. July 11, 2014), *aff'd sub nom. Stroud Prods. &*
   *Enterprises, Inc. v. Castle Rock Entm't Inc.*, 669 F. App'x 898 (9th Cir. 2016)
   (Cousins, J.)..............................................................................................10, 11

18

19

20

21

*Carrico v. City of S.F.*,
   656 F.3d 1002 (9th Cir. 2011).................................................................................4

22

23

*ComputerXpress, Inc. v. Jackson*,
   93 Cal. App. 4th 993 (2001)...............................................................................7, 8

24

*CRST Van Expedited, Inc. v. Werner Enters., Inc.*,
   479 F.3d 1099 (9th Cir. 2007)..............................................................................5, 6

25

26

*Dastar v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) ...............................................................................................12

27

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    11 Cal. 4th 376 (1995) ...........................................................................................5, 6

*Erlich v. Etner*,
    224 Cal. App. 2d 69 (1964)........................................................................................8

*Films of Distinction, Inc. v. Allegro Film Prods., Inc.*,
    12 F. Supp. 2d 1068 (C.D. Cal. 1998).....................................................................7, 8

*Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ..................................................16

*Gerritsen v. Warner Bros. Entm't Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015).....................................................................15

*Gordon v. City of Oakland*,
    627 F.3d 1092 (9th Cir. 2010)..................................................................................16

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
    No. 08–CV–1166–IEG (POR), 2009 WL 6597891 (S.D. Cal. Dec. 23, 2009) .......................15

*Hightower v. Tilton*,
    No. C08-1129-MJP, 2012 WL 1194720 (E.D. Cal. Apr. 10, 2012) ...........................................6

*Hofmann Co. v. E.I. Du Pont De Nemours & Co.*,
    202 Cal. App. 3d 390 (1988)....................................................................................8, 9

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .............................................................................................10

*Khoury v. Maly's of Cal., Inc.*,
    14 Cal. App. 4th 612 (1993)......................................................................................10

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ...........................................................................................12

*L'Garde, Inc. v. Raytheon Space & Airborne Sys.*,
    805 F. Supp. 2d 932 (C.D. Cal. 2011).......................................................................15

*Leonardini v. Shell Oil Co.*,
    216 Cal. App. 3d 547 (1989).......................................................................................9

*Mann v. Quality Old Time Service, Inc.*,
    120 Cal. App. 4th 90 (2004)......................................................................................10

1

2

### TABLE OF AUTHORITIES
### (continued)

**Page**

3

*Maravilla v. Rosas Bros. Constr., Inc.*,
   No. 16-cv-06117-JST, 2019 WL 3820051 (N.D. Cal. Aug. 14, 2019) ....................................11

4

5

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ..............................................................................................15

6

*Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*,
   491 F. Supp. 1364 (N.D. Cal. 1980) ....................................................................................14

7

8

*Nichols v. Great American Ins. Companies*,
   169 Cal. App. 3d 766 (1985) ................................................................................................9

9

10

*Oracle Am., Inc. v. CedarCrestone, Inc.*,
   No. 12-cv-04626 NC, 2012 WL 12897962 (N.D. Cal. Dec. 7, 2012) ....................................10

11

*Oracle Corp. v. DrugLogic, Inc.*,
   No. C 11–00910 JCS, 2011 WL 5576267 (N.D. Cal. Nov. 16, 2011) ....................................13

12

13

*People ex rel. Lockyer v. Fremont Life Ins. Co.*,
   104 Cal. App. 4th 508 (2003) ..............................................................................................11

14

15

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
   946 F. Supp. 2d 957 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015) ......................9

16

*R Power Biofuels, LLC v. Chemex LLC*,
   No. 16-CV-00716-LHK, 2016 WL 6663002 (N.D. Cal. Nov. 11, 2016) ..................................5

17

18

*SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*,
   88 F.3d 780 (9th Cir. 1996) ..................................................................................................3

19

20

*Starr v. Baca*,
   652 F.3d 1102 (9th Cir. 2011) ..............................................................................................4

21

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ............................................................................................13

22

23

*TBS Grp., LLC v. City of Zion, Ill.*,
   No. 16-CV-5855, 2017 WL 5129008 (N.D. Ill. Nov. 6, 2017) ..............................................6

24

*Toranto v. Jaffurs*,
   297 F. Supp. 3d 1073 (S.D. Cal. 2018) ..................................................................................5

25

26

*Vascular Imaging Prof'ls, Inc. v. Digirad Corp.*,
   No. 19-cv-486 JM(MSB), 2019 WL 3429178 (S.D. Cal. July 30, 2019) ................................5

27

28

# TABLE OF AUTHORITIES
## (continued)

Page

*Woods v. Reno Commodities, Inc.*,
   600 F. Supp. 574 (D. Nev. 1984) ...........................................................................14

*Ybarra v. City of San Jose*,
   503 F.2d 1041 (9th Cir. 1974).................................................................................4

*Youst v. Longo*,
   43 Cal. 3d 64 (1987) .................................................................................................5

**STATUTES**

Bus. & Prof. §§ 17200 *et seq.* ....................................................................2, 10, 11, 12

Lanham Act, 15 U.S.C. § 1125(a)................................................................2, 10, 12, 13

**RULES**

Fed. R. Civ. Proc. 9(g) ...............................................................................................9

Fed. R. Civ. Proc. 12(b)(6)..........................................................................................3

Fed. R. Civ. Proc. 12(e) .....................................................................................2, 4, 14

Fed. R. Evid. 201 .......................................................................................................15

**OTHER AUTHORITIES**

U.S. Const. amend. I ..............................................................................................1, 9

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.      INTRODUCTION

3        Plaintiff RingCentral has failed to plead requisite elements of each of its four claims

4   against Defendants Nextiva, Inc. ("Nextiva") and UnitedWeb, Inc. ("UnitedWeb" and,

5   collectively with Nextiva, "Defendants").  Further, RingCentral's First Amended Complaint (the

6   "FAC") as directed at Defendants is based exclusively on information and belief, and this is after

7   the Court allowed two rounds of unopposed Doe discovery.  Based on the complete dearth of any

8   actual allegations against Defendants even after these multiple rounds of discovery, no leave to

9   amend should be granted to RingCentral.

10        RingCentral's first claim for intentional interference with prospective economic advantage

11   claim is fatally defective because RingCentral does not identify a specific economic relationship

12   with which Defendants' purported actions or conduct may have affected, and fails to plead with

13   specificity any economic harm it has suffered as a consequence.  RingCentral also fails to allege

14   any independently wrongful conduct by Defendants—a requisite component to pleading this

15   claim.

16        RingCentral's second claim for trade libel claim is equally defective.  This case is largely

17   premised on RingCentral's belief that "false" or "fake" online reviews were published about its

18   services, yet as a threshold matter, RingCentral fails to identify even *one* false statement of fact

19   that it is informed and believes Nextiva or UnitedWeb published.  Further, RingCentral's general

20   contention that Defendants posted online reviews that comprised negative ratings of

21   RingCentral's services and positive ratings of Nextiva's—even if true—would amount to non-

22   actionable opinions under the First Amendment.  And finally, a claim for trade libel requires

23   pleading with heightened specificity the existence of special damages—in other words,

24   RingCentral is required to identify particular customers and transactions of which it was deprived

25   as a result of the purported libel.  It has failed to do so.  Any one of these failures alone warrants

26   dismissal of the claim.

27        RingCentral's third claim for trademark infringement and cybersquatting is ostensibly

28   asserted only against an anonymous defendant, and not Nextiva or UnitedWeb; but the FAC is

not clear or consistent on that point.  As a result of this unclear pleading, the Court should dismiss this claim or, in the alternative, order RingCentral to amend its FAC to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

RingCentral's fourth claim for unfair competition fails under Section 17200, *et seq.* of California's Business & Professions Code ("Section 17200") due to RingCentral's failure to allege an independently actionable wrong.  Additionally, RingCentral has not properly alleged a violation under the "unfair" prong of Section 17200 because it does not even attempt to allege an actionable antitrust claim or identify any injury to competition.  And finally, the claim is defective due to the fact that RingCentral improperly seeks monetary damages, rather than disgorgement or restitution.  To the extent the claim is brought under the Lanham Act, 15 U.S.C. § 1125(a), RingCentral fails to allege that either Defendant engaged in conduct prohibited by Section 1125(a).  And if the claim is meant to be brought under California's common law, the claim fails because RingCentral does not allege that Defendants passed off RingCentral's goods or services as those of their own.

In its FAC, RingCentral speculates, "on information and belief" alone, that Defendants were the parties that "fabricated fictitious online personas," "registered domain names using fake contact information," and created "fraudulent websites associated with those domains."  FAC ¶ 19.  RingCentral further speculates on "information and belief" that Defendants posted negative public reviews on a number of independent online communications and collaboration review websites "using fake personas and misleading email addresses associated with these fake domains."  FAC ¶¶ 21, 22.  In waging these accusations, RingCentral does not describe even one of these statements that it is informed and believes Defendants purportedly made, and which it contends are false, let alone why any such statement is false.

In light of these shortcomings and RingCentral's already repeated attempts at discovery, the FAC is devoid of factual allegations that would survive another motion to dismiss, and any further amendment would be futile.  RingCentral's allegations and theories of liability demonstrate that it cannot plausibly show that Defendants made any defamatory statement about its products or services or otherwise interfered in RingCentral's business.  Accordingly,

1  Defendants respectfully request that the Court grant this motion with prejudice and without leave

2  to amend.

## II.    ISSUES TO BE DECIDED

4     1.    Whether all of RingCentral's claims in the FAC should be dismissed under Rule

5  12(b)(6);

6     2.    Whether RingCentral should provide a more definite statement of its third claim

7  for trademark infringement and cybersquatting.

## III.    BACKGROUND

9     On May 14, 2019, RingCentral filed its complaint against nineteen Doe Defendants.

10  Dkt. 1.  On May 22, 2019, the Court granted RingCentral's *ex parte* application for leave to take

11  expedited discovery.  Dkt. 14.  On July 1, 2019, the Court granted RingCentral's second *ex parte*

12  application for leave to take additional expedited discovery.  Dkt. 20.  On November 22, 2019,

13  after having conducted these two rounds of extensive nonparty discovery, RingCentral amended

14  its complaint to name Nextiva and UnitedWeb as defendants.  Dkt. 32.

15     Despite the multiple rounds of discovery RingCentral conducted prior to naming

16  Defendants in November 2019, the FAC's allegations against Nextiva and RingCentral are almost

17  exclusively pled on information and belief.  *See* FAC ¶¶ 2–3, 6–10, 12, 18–19, 21–26, 31, 33, 35,

18  37, 39–40, 42, 49, 51–52, 58–60.

## IV.    LEGAL STANDARD

20     To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

21  plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level

22  . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929

23  (2007).  The allegations must "plausibly suggest[]," and not merely be consistent with, the

24  claimed wrongful conduct.  *Id.* at 557.  The court may dismiss a complaint as a matter of law for:

25  (1) "lack of cognizable legal theory" or (2) "insufficient facts under a cognizable legal claim."

26  *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996)

27  (citation omitted).

28

Factual allegations are assumed true, but the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). It is improper to assume "the (plaintiff) can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).

Ultimately, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1102, 1216 (9th Cir. 2011). A complaint may be dismissed without leave to amend "if amendment would be futile." *Carrico v. City of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In addition, under Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Ybarra v. City of San Jose*, 503 F.2d 1041, 1044 (9th Cir. 1974).

## V.   ARGUMENT

**A.   RingCentral's interference with prospective economic advantage claim must be dismissed because it fails to allege any specific economic relationships, any independently wrongful conduct, or any economic harm.**

The Court should dismiss RingCentral's claim for interference with prospective economic advantage because RingCentral has failed to allege several requisite elements of the claim. It fails to identify any specific economic relationship with which Defendants' purported actions or conduct may have affected, fails to allege any independently wrongful conduct by Defendants, and fails to plead any economic harm it suffered as a consequence.

"The elements of interference with prospective economic advantage resemble those of intentional interference with contract. They are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

(2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1108 (9th Cir. 2007).  In addition, the plaintiff must establish that the defendant "engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).  And to preclude liability based solely on speculation, the California Supreme Court has further required the plaintiff to allege a business relationship with a specific third party containing "the probability of future economic benefit to the plaintiff." *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).  RingCentral's allegations are deficient and should be dismissed for a number of reasons:

**First**, RingCentral does not allege with sufficient particularity that Defendants disrupted any specific economic relationship with the probability of future benefit.  *See* FAC ¶¶ 28–35. Instead, RingCentral only alleges generally that "[a]n economic relationship exists between RingCentral and its customers and prospects, containing probable future economic benefit or advantage to RingCentral."  FAC ¶ 29.  RingCentral does not identify any specific customers or prospects, or describe its relationships with any of those parties.  *See, e.g.*, *Vascular Imaging Prof'ls, Inc. v. Digirad Corp.*, No. 19-cv-486 JM(MSB), 2019 WL 3429178, at *4-5 (S.D. Cal. July 30, 2019) (explaining that "merely referring to customers in general," as RingCentral does here, "is not sufficient to show a specific prospective relationship"); *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL 6663002, at *16–17 (N.D. Cal. Nov. 11, 2016) (granting motion to dismiss where plaintiff failed to allege facts showing that defendants interfered with plaintiff's relationship with a particular individual).  Nor does RingCentral explain why its alleged relationships with its customers and prospective customers were likely to produce future benefits.  *See Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1098–99 (S.D. Cal. 2018) (granting motion to dismiss where complaint contained conclusory allegations that relationship "was likely to have resulted in economic benefit to Plaintiff.").  Furthermore, because RingCentral does not

1   identify any customers or prospects at all, it also does not identify any economic relationships that

2   were disrupted by Defendants' alleged acts of interference.

3        **Second**, RingCentral has not and cannot allege that Nextiva's and UnitedWeb's purported

4   acts of interference were "wrongful by some legal measure other than the fact of the interference

5   itself."  *See* FAC ¶¶ 28–35; *Arthur J. Gallagher & Co. v. Lang*, No. C 14–0909 CW, 2014 WL

6   6816644, at *3 (N.D. Cal. Dec. 3, 2014).  Because interference often signals vigorous

7   competition, not all acts of interference are actionable in California.  To protect healthy

8   competition, California has adopted the doctrine of competitor's privilege: "Perhaps the most

9   significant privilege or justification for interference with a prospective business advantage is free

10  competition."  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 389 (1995).

11  Thus, in order to plead a claim for interference with prospective economic advantage,

12  RingCentral must affirmatively "allege an act that is wrongful independent of the interference

13  itself."  *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1108 (9th Cir. 2007).

14  "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some

15  constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Id.* at

16  1109.

17        RingCentral has not and cannot allege that Nextiva's or UnitedWeb's alleged acts of

18  interference were independently wrongful.  Instead, RingCentral simply and generally alleges on

19  information and belief that Defendants "engaged in wrongful conduct designed to interfere with

20  or disrupt the relationship between RingCentral and its customers and prospective customers." [1]

21  FAC ¶ 31.  Because RingCentral has failed to allege an independent wrongful act, its interference

22  with prospective economic advantage claim should be dismissed.

23

24

---

25  [1] Facts pled "on information and belief" can survive a motion to dismiss only if the plaintiff
    pleads sufficient facts to make the claims plausible under *Iqbal* and *Twombly*.  *See Bernstein v.*

26  *Health Net Life Ins. Co.*, No. 12CV00717AJBJMA, 2013 WL 12095240, at *4 (S.D. Cal. Apr. 4,
    2013); *Hightower v. Tilton*, No. C08-1129-MJP, 2012 WL 1194720, at *3 (E.D. Cal. Apr. 10,

27  2012).  However, where a plaintiff cannot adequately explain why information pled on
    "information and belief" is within the exclusive control of the defendant(s), and the allegations

28  are conclusory, the allegation may be disregarded.  *TBS Grp., LLC v. City of Zion, Ill.*, No. 16-
    CV-5855, 2017 WL 5129008, at *5 (N.D. Ill. Nov. 6, 2017).

1   **Third**, RingCentral cannot show that it suffered any economic harm caused by

2   Defendants' conduct.  According to RingCentral, it has been forced, as a consequence of

3   Defendants' purported interference, to "expend additional monies on advertising and related

4   marketing in order to counteract the false reviews posted by the defendants, unnecessarily driving

5   up customer acquisition costs."  FAC ¶ 33.  RingCentral also states—without identifying any

6   specific customer it has lost as a result of Defendants' alleged conduct—that Defendants' conduct

7   "has impacted existing customers, who *may* be prompted by these false reviews to reconsider

8   their existing business relationship with RingCentral in favor of Nextiva or another competitor."

9   FAC ¶ 33.  RingCentral's speculation does not amount to economic harm.

10   Any one of the above inadequacies warrants dismissal of RingCentral's Interference with

11   Prospective Economic Advantage claim.

12   **B.    RingCentral's trade libel claim does not allege any actionable false statement of fact
        or special damages suffered by RingCentral.**

13   **1.    RingCentral fails to plead sufficient facts to show that Nextiva or UnitedWeb
            made any false statement of fact.**

14

15   RingCentral's trade libel claim must be dismissed because RingCentral fails to plead even

16   one false statement of fact published by Nextiva or UnitedWeb.  Instead, it generally alleges on

17   information and belief alone that "the defendants published and continue to publish false

18   statements of fact that have disparaged RingCentral, its business, and its commercial properties."

19   FAC ¶ 37.  It does not attach to the FAC or describe the content of even one of these supposed

20   false statements.  Accordingly, what is plead—a threadbare recital of the elements of this claim,

21   without any supporting facts—is fatally insufficient and subject to dismissal.  *Twombly*, 550 U.S.

22   at 555; *Iqbal*, 556 U.S. at 678.

23   Trade libel is the intentional disparagement of the quality of property that results in

24   pecuniary damage to the plaintiff.  *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F.

25   Supp. 2d 1068, 1081–82 (C.D. Cal. 1998) (citing *Leonardini v. Shell Oil Co.,* 216 Cal. App. 3d

26   547, 574 (1989)).  To be actionable, the defamatory statement must be a false statement of fact;

27   statements of opinion alone will not support a cause of action for trade libel.  *See*

28   *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010–11 (2001).  To establish trade libel,

the plaintiff must plead and prove, first, that the defamatory statement at issue was one "disparaging the quality of [the plaintiff's] property" that the defendant "should recognize is likely to cause pecuniary loss." *Id.* at 1010. The plaintiff must also prove that the statement played "a material and substantial part in inducing others not to deal with [the plaintiff]." *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964).

RingCentral's failure to specify even one statement of fact it contends Nextiva or UnitedWeb purportedly made or published that would support the viability of this claim mandates dismissal of this cause of action. The most specific factual allegation RingCentral makes in the FAC generally describes that these posts "provided low ratings of RingCentral's services by (1) falsely accusing RingCentral of providing poor services that it had never actually provided or engaging in dishonest business practices, and/or (2) providing Nextiva with a perfect '5-star' rating or positive review." FAC ¶ 21. This general characterization of the supposed reviews is not a false statement of fact and is insufficient to state a claim for trade libel. *See ComputerXpress, Inc.*, 93 Cal. App. at 1010–11.

Additionally, RingCentral's trade libel claim cannot survive this motion based on an argument that the "overall message" of the posted online reviews was harmful, rather than specific statements. *See Auvil v. CBS 60 Minutes*, 67 F.3d 816, 822 (9th Cir. 1995) (rejecting trade libel claim because defamatory character was not apparent from individual statements as opposed to overall message); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081–82 (C.D. Cal. 1998). Because RingCentral has simply failed to demonstrate the substance of any purported online review at issue, let alone describe how any such review was false or defamatory, its claim for trade libel must be dismissed.

 **2. Assuming *arguendo* the veracity and sufficiency of RingCentral's pleading, the described reviews underlying this claim constitute protected opinions under the First Amendment.**

Because the alleged characterizations of the reviews of RingCentral's products or services as "poor" are protected opinions, another independent ground exists for dismissal of this claim. *See Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081–82 (C.D. Cal. 1998); *Hofmann Co. v. E.I. Du Pont De Nemours & Co.,* 202 Cal. App. 3d 390, 397 (1988)

1   (because gravamen of trade libel claim is allegation defendant made false statements that injured

2   plaintiff's business, First Amendment limitations are applicable).

3        Since mere opinions cannot by definition be false statements of fact, opinions like those

4   generally outlined in the FAC cannot support a cause of action for trade libel. *Hofmann Co. v.*

5   *E.I. Du Pont De Nemours & Co.*, 202 Cal. App. 3d 390, 397 (1988). In most cases, whether a

6   statement is fact or opinion is a question of law. *Hofmann Co.*, 202 Cal. App. 3d at 397.

7   However, where a statement is ambiguous or susceptible of an innocent meaning, it is incumbent

8   upon the plaintiff to plead the facts showing its defamatory meaning. *Nichols v. Great American*

9   *Ins. Companies*, 169 Cal. App. 3d 766, 774 (1985). RingCentral has not carried that burden here.

10   As a consequence, its trade libel claim is not actionable and must be dismissed.

11        **3.    RingCentral fails to allege special damages it suffered as a result of**
                **Defendants' purported conduct.**

12   

13        Another insurmountable defect in RingCentral's trade libel claim is its failure to allege

14   with requisite specificity that it suffered special damages caused by Defendants' actions. "A

15   cause of action for trade libel requires pleading and showing special damages." *Piping Rock*

16   *Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 981 (N.D. Cal. 2013), *aff'd*,

17   609 F. App'x 497 (9th Cir. 2015) (citing *Leonardini*, 216 Cal.App.3d at 572) (requiring plaintiff

18   to plead "specific pecuniary loss"). Where an action for defamation protects the reputation of the

19   plaintiff, and the judgment vindicates that reputation, an action for trade libel is based on

20   pecuniary damages and lies only where such damage has been suffered.'" *Leonardini*, 216 Cal.

21   App. 3d at 573. Furthermore, under Rule 9(g) of the Federal Rules of Civil Procedure, the

22   pleader must state special damages with specificity. *Piping Rock Partners, Inc.*, 946 F. Supp. 2d

23   at 981. Thus, RingCentral must "identify particular customers and transactions of which it was

24   deprived as a result of the libel." *Id.* (quoting *Mann v. Quality Old Time Service, Inc.*, 120 Cal.

25   App. 4th 90, 109 (2004)).

26        RingCentral has not only failed to identify any particular customer or transaction of which

27   it was deprived as a result of Defendants' alleged conduct, it has failed to identify any customer

28   or transaction, or any allegedly defamatory statement whatsoever. The vague assertions in the

FAC are insufficient to show pecuniary loss, and as a result, this claim must be dismissed.  *See Mann*, 120 Cal. App. 4th at 109.

## C.   RingCentral's unfair competition claim is fatally defective under Section 17200, the Lanham Act, and California common law.

RingCentral's fourth claim for Unfair Competition makes the conclusory assertion that "Defendants have engaged in unfair competition within the meaning of the Lanham Act, California Business & Professions Code § 17200, and California common law."  FAC ¶ 57. Because RingCentral's claim appears to be predicated upon its defective interference and trade libel claims, it also fails and should be dismissed.  To the extent RingCentral makes vague references to "unfair" conduct, they are insufficient to withstand this motion under *Iqbal* and *Twombly*.

### 1.   RingCentral fails to allege facts sufficient to plead a claim under the "unfair" prong of Section 17200.

Unfair competition in California is "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." California Business and Professions Code § 17200; *Brown v. Stroud*, No. 08-CV-02348 JSW (NC), 2014 WL 1308342, at *19 (N.D. Cal. Mar. 31, 2014), *report and recommendation adopted*, No. C 08-02348 JSW, 2014 WL 12639917 (N.D. Cal. July 11, 2014), *aff'd sub nom. Stroud Prods. & Enterprises, Inc. v. Castle Rock Entm't Inc.*, 669 F. App'x 898 (9th Cir. 2016) (Cousins, J.).[2]  If RingCentral seeks relief under Section 17200, then its fourth claim fails for three reasons:

**First**, just as RingCentral must allege an independently actionable wrong to state a claim for intentional interference with prospective economic advantage, so too must it allege an independently actionable wrong to state a claim under Section 17200.  *See, e.g.*, *Oracle Am., Inc. v. CedarCrestone, Inc.*, No. 12-cv-04626 NC, 2012 WL 12897962, at *3-6 (N.D. Cal. Dec. 7,

---

[2] In order to have standing to assert a claim for violation of Section 17200, RingCentral must allege that it suffered an injury in fact and lost money or property as a result of an unfair, unlawful or fraudulent business practice.  *See, e.g.*, *In re Tobacco II Cases*, 46 Cal. 4th 298, 315 (2009).  Furthermore, "[a] plaintiff alleging unfair business practices under Section 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

2012).  RingCentral has not done so, and given the exhaustive discovery it has already

undertaken, likely cannot allege any such independently actionable wrong.

**Second**, Section 17200 proscribes "any (1) unlawful, (2) unfair, or (3) fraudulent business

practice or act," *Maravilla v. Rosas Bros. Constr., Inc.*, No. 16-cv-06117-JST, 2019 WL

3820051, at *8 (N.D. Cal. Aug. 14, 2019), and thereby "establishes three varieties of unfair

competition," *People ex rel. Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2003)

(citation and internal quotation marks  omitted).  But RingCentral does not identify which of

those three theories it means to pursue here, let alone allege facts in support of any particular

theory.  The most RingCentral does is vaguely contending in that Defendants' conduct is

"unfair."  *See* FAC ¶¶ 57, 58, 59.

"When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair'

act or practice invokes Section 17200, the word 'unfair' in that section means conduct that

threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those

laws because its effects are comparable to or the same as a violation of the law, or otherwise

significantly threatens or harms competition." *Brown v. Stroud*, 2014 WL 1308342, at *19 (citing

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999) (Cousins, J.))

("unfair" conduct under the UCL "means conduct that threatens an incipient violation of an

antitrust law, or violates the policy or spirit of one of those laws . . . , or otherwise significantly

threatens or harms competition").

Any argument RingCentral may make that this claim is sufficiently pled under the

"unfair" prong of Section 17200 must be rejected.  While the FAC vaguely suggests a violation

under the unfair prong by conclusorily contending that Defendants' conduct is "unfair," that is

simply not enough to support this claim's survival.  *See Iqbal*, 556 U.S. at 678.  Because

RingCentral fails to state an actionable antitrust claim or to identify any injury to competition, its

allegations cannot support an "unfair" prong claim, are defective, and warrant dismissal with

prejudice.

**Third**, to the extent RingCentral's unfair competition claim was intended to be pled under

Section 17200, it should be dismissed because it improperly seeks monetary damages.  The

California Supreme Court has reaffirmed that Section 17200 "is not an all-purpose substitute for a tort or contract action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149–50 (2003) (citing *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 176 (2000)). And while a suit may be brought by "public prosecutors and private individuals" "to prevent unfair business practices and restore money or property to victims of [unfair business] practices," "it is well established that individuals may not recover damages." *Id.* Thus, a plaintiff may not use Section 17200 as an alternate theory of recovery for what is actually a suit for contractual or tort damages. *Id.* at 1151.

Here, the remedy sought by RingCentral is virtually indistinguishable from what it seeks as damages under its interference and trade libel claims. *See* FAC ¶ 60. RingCentral states that it, "does not know the full extent of its *damages*, but believes that the total *damages* from all causes alleged above exceeds $75,000 and is increasing each day the defendants' wrongful acts continue and its false and misleading statements remain online . . . [and w]hen RingCentral has ascertained the extent of its *damages*, it will seek amendment in order to allege them." *Id.* (emphases added).

RingCentral is incapable of curing this defect through amendment because it may not convert a claim for damages into a claim for equitable relief simply by couching it as "restitution" or "disgorgement." *See Baugh v. CBS, Inc.*, 828 F. Supp. 745, 758 (N.D. Cal. 1993) (rejecting attempt to re-cast claim for damages as ones for restitution and injunctive relief).

For any and all of the above reasons, RingCentral's unfair competition claim cannot be sustained and must be dismissed.

**2.    RingCentral does not adequately allege an unfair competition claim under the Lanham Act.**

RingCentral could not state a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), even if it intended to do so. Section 1125(a) "does not have boundless application as a remedy for unfair trade practices," and it is not a "federal 'codification' of the overall law of 'unfair competition.'" *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29 (2003). Instead, it applies "only to certain unfair trade practices prohibited by its text." *Id.*

1    Here, RingCentral does not allege that Defendants engaged in conduct prohibited by

2    Section 1125(a); for example, it does not allege that Nextiva or UnitedWeb "cause[d] confusion"

3    as to "the origin, sponsorship, or approval" of its goods or services. 15 U.S.C. § 1125(a)(1)(A).

4    Rather, defendants simply assert that "[a]s a direct and foreseeable result of the defendants' unfair

5    competition, RingCentral has suffered and will continue to suffer substantial irreparable harm."

6    FAC ¶ 59. That bare assertion is legally irrelevant to any conceivable claim under Section

7    1125(a). It is also conclusory and entitled to no weight. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

8 / 9
   **3.    RingCentral fails to allege an unfair competition claim under California's common law.**

10    If RingCentral instead seeks relief under the common law, then this claim fails for

11    different but equally insurmountable reasons. "The common law tort of unfair competition is

12    generally thought to be synonymous with the act of passing off one's goods as those of another."

13    *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (citation and

14    internal quotation marks omitted). Here, however, RingCentral has not alleged and could not

15    allege that Nextiva or UnitedWeb have passed off its goods or services, or engaged in any other

16    comparable conduct. *See id.* (affirming dismissal of common-law unfair competition claim

17    where, as here, plaintiff failed to allege that the defendants "passed off their goods as those of

18    another" or "exploit[ed] trade names or trademarks"). Thus, to the extent that RingCentral's

19    unfair competition claim seeks to hold Defendants liable under the common law, it should be

20    dismissed. *See Aquawood, LLC v. Toys "R" Us-Del., Inc.*, No. 2:15-cv-05869-AB (MRWx),

21    2016 WL 10576620, at *3 (C.D. Cal. Mar. 10, 2016) (dismissing common law unfair competition

22    claim where plaintiff failed to plead a claim "akin to passing off"); *Oracle Corp. v. DrugLogic,

23    Inc.*, No. C 11–00910 JCS, 2011 WL 5576267, at *12-14 (N.D. Cal. Nov. 16, 2011)

24    ("DrugLogic's [common law] claim for unfair competition fails to state a claim because no

25    passing off, or any analogous claim, is alleged.").

26

27

28

1

**D.    To the extent RingCentral's claim for trademark infringement and cybersquatting is alleged against Defendants, it too fails; to the extent it is not, a more definite statement is warranted.**

2

3    The FAC clearly states that RingCentral's third claim for trademark infringement and

4    cybersquatting is asserted only against Doe 19—and not Nextiva or UnitedWeb.  FAC p. 10.

5    While this claim is asserted only against Doe 19, the FAC's allegations suggest—on no more than

6    information and belief—that *Defendants* were involved in registering the domain

7    "ringcetnral.com," and then sending emails from an account associated with that domain

8    including to the Better Business Bureau.  FAC ¶¶ 25, 47.  The allegations relative to Defendants

9    in this claim are not only false and unsupported, but importantly for purposes of this motion, they

10    are confusing.

11    Because the target of this claim is unclear from the face of the FAC, the Court should

12    either dismiss the claim or, in the alternative, order RingCentral to amend its FAC to provide a

13    more definite statement, pursuant to Rule 12(e).  Federal Rule of Civil Procedure 12(e) "is

14    designed to strike at unintelligibility . . . ." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574,

15    580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp.

16    1364, 1385 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement

17    when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."

18    Fed. R. Civ. P. 12(e).  Given the confusing allegations of RingCentral's third claim, that is the

19    case here and such an order is warranted.

20

**E.    All claims as to UnitedWeb should be dismissed because public information demonstrates that UnitedWeb does not own Nextiva.**

21

22    RingCentral's allegations and claims against UnitedWeb are predicated on RingCentral's

23    information and belief that Nextiva is wholly owned and controlled by UnitedWeb.  *See* FAC

24    ¶¶ 7, 12, 18.  But publicly-available information contradicts RingCentral's charge—again

25    supported by no more than its information and belief—that Nextiva is a wholly-owned subsidiary

26    of UnitedWeb.  *See* concurrently-filed Request For Judicial Notice ("RJN").  As a consequence,

27    there is no factual or legal basis for any claims asserted against UnitedWeb, which is a private

28

1    equity company and not a competitor of RingCentral's.  As a result, UnitedWeb should be

2    dismissed as a defendant.

3         "On a motion to dismiss, [the court] may take judicial notice of matters of public record

4    outside the pleadings."  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)

5    (citation omitted).  Federal Rule of Evidence 201(b)(2) provides in part that "[t]he court may

6    judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately

7    and readily determined from sources whose accuracy cannot reasonably be questioned."  Under

8    Rule 201, the Court can take judicial notice of "[p]ublic records and government documents

9    available from reliable sources on the Internet," such as websites run by governmental agencies.

10   *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011)

11   (holding that the accuracy of results of records searches from the Secretary of State for the State

12   of California corporate search website subject to judicial notice); *Hansen Beverage Co. v.

13   Innovation Ventures, LLC*, No. 08–CV–1166–IEG (POR), 2009 WL 6597891, *1 (S.D. Cal. Dec.

14   23, 2009).  Documents filed with the Secretary of State and similar agencies are matters of public

15   record, for which judicial notice is also appropriate.  *See Gerritsen v. Warner Bros. Entm't Inc.*,

16   112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015) (taking judicial notice of the business entity

17   profiles on the Secretary of State's website).

18        Entity information for Nextiva and UnitedWeb, respectively, through the Arizona

19   Corporation Commission's publicly-available online search portal, available at:

20   https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=13410107 and

21   https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=14204224 shows that

22   Nextiva was formed on January 29, 2007 and UnitedWeb was formed later on January 9, 2008.

23   This official website, which lists shareholders holding at least twenty percent of a company's

24   shares, identifies only two such shareholders of Nextiva: Tomas Gorny and Tracy Conrad—

25   UnitedWeb is not identified as Nextiva owner or shareholder because UnitedWeb is not a

26   shareholder of Nextiva.  *See* RJN, Exs. A, B.

27        Contrary to RingCentral's erroneous assumption that Nextiva is a wholly-owned

28   subsidiary of UnitedWeb, it is not owned or controlled by UnitedWeb at all.  This incorrect

1   assumption underlies each of RingCentral's allegations against UnitedWeb and, with that

2   assumed connection shown to be untrue, RingCentral's claims against UnitedWeb should be

3   dismissed.

4   **F.      Leave to amend is not warranted.**

5          The allegations in the FAC, which are asserted against Defendants almost exclusively on

6   information and belief, demonstrate that any further amendment would be futile.  A court may

7   properly deny leave to amend where the amendment would be futile.  *See Foman v. Davis*, 371

8   U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gordon v. City of Oakland*, 627 F.3d

9   1092, 1094 (9th Cir. 2010).

10                                **VI.      CONCLUSION**

11          For the foregoing reasons, Nextiva and UnitedWeb request that the Court dismiss the

12   entire FAC with prejudice or, in the alternative, that the Court dismiss RingCentral's claims for

13   Intentional Interference with Prospective Economic Advantage, Trade Libel, and Unfair

14   Competition, and order RingCentral to amend its pleading to provide a more definite statement of

15   its claim for Trademark Infringement and Cybersquatting.

16   DATED:  January 7, 2020                  **PERKINS COIE LLP**

17

18                                       By:  */s/ Donald J. Kula*
                                              Donald J. Kula, Bar No. 144342
19                                            DKula@perkinscoie.com
                                              Oliver M. Gold, Bar No. 279033
20                                            OGold@perkinscoie.com
                                              Aaron J. Ver, Bar No. 295409
21                                            AVer@perkinscoie.com

22                                            Attorneys for Defendants
                                              Nextiva, Inc. and UnitedWeb, Inc.
23

24

25

26

27

28