UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINGCENTRAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTIVA, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02626-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 44 |

Before the Court is defendants Nextiva, Inc. and UnitedWeb, Inc.'s motion to dismiss plaintiff RingCentral, Inc.'s first amended complaint. In this business defamation lawsuit, RingCentral accuses Defendants of engaging in a concerted effort to spread fake online reviews. RingCentral, however, fails to allege specific facts outlining the economic relationships it claims Defendants have disrupted and how it has been injured. Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**I.   Background**

    **A.   Allegations in First Amended Complaint**

RingCentral is a cloud-based unified communications service. FAC ¶ 14. Nextiva, a wholly owned subsidiary of UnitedWeb, also provides similar services. *Id.* ¶¶ 7, 15.

In mid-2018, Nextiva and UnitedWeb began an internet campaign to damage RingCentral's reputation and steer business towards Nextiva. *Id.* ¶ 18. Defendants

fabricated and used fake online personas to post low ratings and poor reviews of RingCentral's services on review websites, while posting positive reviews of Nextiva's services. *Id.* ¶¶ 19, 21. Defendants also registered domain names using fake contact information and created websites associated with those domains masquerading as legitimate businesses. *Id.* ¶¶ 19–20, 22–23. Around the same time, Defendants or their agents registered the domain "ringcetrnal.com" in order to mimic RingCentral's own domain ("ringcentral.com") to deceive others. *Id.* ¶ 25.

### B. Procedural History

On May 14, 2019, RingCentral filed its initial complaint, alleging claims against unnamed defendants for tortious interference, trade libel, unfair competition, and trademark infringement. *See* Dkt. No. 1. RingCentral concurrently applied *ex parte* for expedited discovery to discover the identities of the unnamed defendants. *See* Dkt. No. 3. The Court initially denied RingCentral's application for expedited discovery but eventually granted two subsequent applications. *See* Dkt. Nos. 10, 14, 20.

After discovering Nextiva and UnitedWeb's identities, RingCentral filed its first amended complaint, alleging claims for (1) interference with prospective economic advantage; (2) trade libel, Cal. Civ. Code §§ 45, 46(3); (3) trademark infringement and cybersquatting, 15 U.S.C. §§ 1114, 1125(d); and (4) unfair competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.* *See* Dkt. No. 32 ("FAC").

Defendants now move to dismiss the first amended complaint or, in the alternative, a more definite statement. *See* Dkt. No. 44. All parties have consented to the jurisdiction of a magistrate judge.[1] *See* Dkt. Nos. 9, 51.

---

[1] RingCentral also sues an additional 17 "Doe" defendants. *See* FAC ¶ 8. These defendants do not affect the undersigned's jurisdiction. Under 28 U.S.C. § 636(c), a federal magistrate judge requires the consent of all parties to "conduct any or all proceedings . . . and order the entry of judgment . . . ." But only "plaintiffs and defendants *named* in the complaint are 'parties' within the meaning of § 636(c)(1)." *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (emphasis added); *see also Monical v. Jackson Cnty. Sheriff's Dept.*, No. 17-cv-00476-YY, 2020 WL 571734, at *1 n.1 (D. Or. Feb. 5, 2020) (collecting cases).

2

## II. Legal Standard

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 8(a), a complaint must include a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim also "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a)(2).

### B. Motion for a More Definite Statement

A party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for a more definite statement attacks intelligibility, not simply lack of detail. For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011).

## III. Discussion

### A. Interference with Prospective Economic Advantage

The elements of an interference with prospective economic advantage claim are:

3

"(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (quoting *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 521–22 (1996)).

To adequately plead "an economic relationship between the plaintiff and some third party" (*Korea Supply Co.*, 29 Cal. 4th at 1153), courts in this district have held that the plaintiff must identify in some manner an economic relationship with a specific individual. *See R. Power Biofuels, LLC v. Chemex LLC*, No. 16-cv-00716-LHK, 2016 WL 6663002, at *16 (N.D. Cal. Nov. 11, 2016) (citing *Ramona Manor Convalescent Hosp. v. Care Enterps.*, 177 Cal. App. 3d 1120, 1133 (1986)).[2]  General allegations regarding prospective or future customers are insufficient because they fail to adequately suggest that those relationships contain a probability of future economic benefits. *See AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 1133, 1152 (N.D. Cal. 2019); *see also Korea Supply Co.*, 29 Cal. 4th at 1164 ("This tort therefore protects the expectation that the relationship eventually will yield the desired benefit, not necessarily the more speculative expectation that a potentially beneficial relationship will arise.") (quotation marks and citation omitted).

RingCentral's allegations relating to this element are limited. The first amended complaint broadly alleges that Defendants' conduct "interfere[s] with its business opportunities by wrongfully steering potential customers away . . . ." FAC ¶ 24. This is insufficient. RingCentral cannot rely on its "relationship to a class of as yet unknown

---

[2] Although *Ramona* largely discussed the identity requirement as it relates to the tort of intentional interference with contractual relations (*see Ramona*, 177 Cal. App. 3d at 1131–33, "[t]he chief practical difference" between interference with contractual relations and interference with prospective economic advantage is that the latter "does not require proof of a binding contract." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

4

[patrons]" to satisfy the requirement that it has an economic relationship with some third party. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*, 2 Cal. 5th 505, 515 (2017) (alterations in original) (quoting *Blank v. Kirwan*, 39 Cal. 3d 311, 330 (1985)). This is because intentional interference plaintiffs cannot "presuppose the relationship existed *at the time* of the defendant's allegedly tortious acts." *Id.* at 518 (emphasis in original) (quoting *Westside Ctr. Assocs.*, 42 Cal. App. 4th at 526). As in *Roy Allan*, RingCentral's allegations improperly assume that prospective customers would choose its service over its competitors'. *See id.* at 518–19. The tort of intentional interference with prospective economic advantage is not intended to address speculative "missed opportunities." *Id.* at 518.

Accordingly, the Court GRANTS Defendants' motion to dismiss RingCentral's intentional interference with prospective economic advantage claim. Defendants argue that dismissal should be without leave to amend in light of RingCentral's two rounds of *ex parte* discovery. *See* Dkt. No. 44 at 9. Leave to amend, however, should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The fact that RingCentral took limited discovery to ascertain Defendants' identities does not mean further amendment would be futile. Because RingCentral's complaint could conceivably be cured by the allegation of more facts and because this is the first time the Court addressed the sufficiency of RingCentral's factual allegations, the Court will grant leave to amend. *See Lopez*, 203 F.3d at 1127.

**B. Trade Libel**

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010 (2001) (citing *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 572 (1989)).

To constitute trade libel, the statement in question must be a false statement of fact; opinions cannot support a trade libel claim. *Id.* at 1010–11; *see also Films of Distinction, Inc. v. Allegro Film Prods., Inc.,* 12 F. Supp. 2d 1068, 1082 (N.D. Cal. 1998) ("[O]pinions

[are] protected under the First Amendment."). And, in the Ninth Circuit, plaintiffs must identify specific statements constituting trade libel. *See First Advantage Background Servs. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008). Finally, unlike traditional defamation claims, trade libel claims aim to protect economic interests, not the plaintiff's personal reputation. *See Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543, 549 (1985); *accord Microtech Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 972 (9th Cir. 1994). Thus, a trade libel plaintiff must plead special damages in the form of specific pecuniary loss. *Leonardi*, 216 Cal. App. at 572.

RingCentral fails to identify the specific statements it alleges are trade libel. In the first amended complaint, RingCentral lists various fake websites and domain names that allegedly posted false reviews regarding their services. *See* FAC ¶ 22. But RingCentral did not provide the allegedly false statements in those reviews or enough detail regarding those statements such that Defendants can readily identify the reviews in question.[3]

RingCentral also fails to adequately allege special damages. Federal Rule of Civil Procedure 9(g) requires plaintiffs to "specifically state[]" any "item of special damage." RingCentral must allege specific facts explaining the pecuniary damages it suffered as a result of the allegedly libelous statements. *See, e.g.*, *First Advantage*, 569 F. Supp. 2d at 938 (Requiring the plaintiff to "allege the amount of business it had . . . prior to [the defendant] allegedly making these statements, how much it had after, or the value of the business.").

Accordingly, the Court GRANTS Defendants' motion to dismiss RingCentral's trade libel claim with leave to amend.

### C. Trademark Infringement and Cybersquatting

In its first amended complaint, RingCentral asserts its third claim for trademark infringement and cybersquatting against "DOE 19." *See* FAC at 10–11. RingCentral then

---

[3] RingCentral attached to their opposition a copy of the review identified in paragraph 22(j) of the first amended complaint. *See* Dkt. No. 47-1, Ex. D. However, on a motion to dismiss, the Court cannot consider facts not included with the complaint or subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

explains that "defendants or their agents" were responsible for falsely registering the "ringcetrnal.com" domain name. *Id.* ¶ 49.

According to Defendants, these allegations are too ambiguous because they fail to specify whether the claim is asserted against Nextiva and UnitedWeb or against the Doe defendants only. *See* Dkt. No. 44 at 21. In its opposition, RingCentral clarified that it used a Doe designation because it could not determine whether Nextiva, UnitedWeb, or some third party was responsible for the alleged trademark infringement and cybersquatting. *See* Dkt. No. 47 at 13–14. In reply, Defendants reiterate that RingCentral's allegations are confusing and, to the extent RingCentral accuses them of trademark infringement and cybersquatting, too speculative. *See* Dkt. No. 49 at 16.

The Court agrees with Defendants. Although RingCentral need not identify with complete accuracy which defendant—fictitious or otherwise—is responsible for registering the "ringcetrnal.com" domain name at this time, RingCentral must make clear whether it intends to assert that claim against Nextiva or UnitedWeb.

More importantly, RingCentral must also allege facts that plausibly suggest Nextiva or UnitedWeb are responsible for registering the "ringcetrnal.com" domain. The first amended complaint contains no such factual allegations. As RingCentral itself explains, its current theory is that Nextiva and UnitedWeb are behind the "ringcetrnal.com" domain because they "were caught seeding fake reviews against RingCentral using fake companies." *See* Dkt. No. 47. But this allegation is "merely consistent with" the allegedly wrongful conduct. *Twombly*, 550 U.S. at 557.

Accordingly, the Court GRANTS Defendants' motion to dismiss RingCentral's trademark infringement and cybersquatting claim with leave to amend.

### D. Unfair Competition

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair

7

1    competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech*, 20
2    Cal. 4th at 180.  "Each prong of the UCL is a separate and distinct theory of liability."
3    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).
4           RingCentral alleged that Defendants violated the unlawful prongs of the UCL.  *See*
5    FAC ¶ 57; *see also* Dkt. No. 47 at 15.  However, as explained above, RingCentral
6    currently fails to state a claim for trade libel, trademark infringement, or cybersquatting.
7    Thus, RingCentral cannot state a claim under the unlawful prong of the UCL.  *See*
8    *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (a cause of
9    action brought under the "unlawful" prong of the UCL treats violations of other laws as
10   unlawful business practices independently actionable under state law).
11          RingCentral also alleged that Defendants violated the unfair prong of the UCL.  *See*
12   FAC ¶¶ 58–59; *see also* Dkt. No. 47 at 15.  According to RingCentral, Nextiva and
13   UnitedWeb's conduct was "unfair" because they impersonated its customers and attacked
14   its reputation.  To state a claim under the "unfair" prong of the UCL, RingCentral must
15   show that Defendants' conduct "threatens an incipient violation of an antitrust law, or
16   violates the policy or spirit of one of those laws . . . , or otherwise significantly threatens or
17   harms competition." *Cel-Tech*, 20 Cal. 4th at 187.  RingCentral's allegations, however,
18   center around harm to itself, not competition.  *See, e.g.*, FAC ¶ 60; Dkt. No. 47 at 15.  And
19   RingCentral also fails to identify any violation of an antitrust law.
20          Accordingly, the Court GRANTS Defendants' motion to dismiss RingCentral's
21   unfair competition claim with leave to amend.

22   **E.     UnitedWeb's Liability**
23          In the first amended complaint, RingCentral alleged that Nextiva is a wholly owned
24   subsidiary of UnitedWeb.  *See* FAC ¶ 7.  Defendants, however, point to public records
25   purportedly showing that UnitedWeb does not own any shares of Nextiva.  *See* Dkt. No.
26   45.  Because much of RingCentral's allegations center around Nextiva's conduct,
27   Defendants argue that UnitedWeb should be dismissed.  *See* Dkt. No. 44. at 21.  In
28   response, RingCentral argues that UnitedWeb and Nextiva have a sufficiently close

relationship such that the technical relationship between the two companies is irrelevant. *See* Dkt. No. 47 at 16–17.

The Court will first consider whether it may consider the documents attached to Defendants' request for judicial notice. *See* Dkt. No. 45. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689. But judicial notice is limited to facts that are not subject to reasonable dispute. *Id.* (citing Fed. R. Evid. 201(b)).

Here, both documents attached to Defendants' request for judicial notice are public records filed with the Arizona Secretary of State. *See* Dkt. No. 45. These facts are not subject to reasonable dispute. Indeed, RingCentral also seeks judicial notice of those records. *See* Dkt. No. 48. Accordingly, the Court will consider those documents.

Both documents demonstrate that UnitedWeb is not a shareholder of Nextiva. *See* Dkt. No. 45, Ex. A at 2 (listing shareholders). Thus, RingCentral's allegation that Nextiva is a "wholly owned subsidiary of UnitedWeb" is plainly contradicted by judicially noticed facts. FAC ¶ 7. Because RingCentral seeks to impose liability on UnitedWeb largely on the basis of its purported parent-subsidiary relationship with Nextiva (*see id.* ¶¶ 7, 18, 24), the Court GRANTS Defendants' motion to dismiss UnitedWeb.

Dismissal, however, is with leave to amend. A parent-subsidiary relationship is not the only way to hold UnitedWeb liable for Nextiva's actions. *See, e.g.*, *Sonora Diamond Corp. v. Superior Court.*, 83 Cal. App. 4th 523, 538 (2000) (alter ego doctrine). And the first amended complaint contains *some* facts suggesting that UnitedWeb could be held liable for Nextiva's actions. *See, e.g.* FAC ¶ 16. Therefore, the Court will grant leave to amend.

9

**IV. Conclusion**

The Court GRANTS Defendants' motion to dismiss with leave to amend. If it intends to amend, RingCentral must file its second amended complaint by **March 20, 2020**. RingCentral may not add new claims or parties without further leave of the Court.

**IT IS SO ORDERED.**

Dated: February 28, 2020 _____
NATHANAEL M. COUSINS
United States Magistrate Judge