UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RINGCENTRAL, INC.,

        Plaintiff,

    v.

NEXTIVA, INC., et al.,

        Defendants.

Case No. 19-cv-02626-NC

**ORDER GRANTING IN PART MOTION TO DISMISS AND STRIKE COUNTERCLAIMS**

Re: Dkt. No. 72

Before the Court is plaintiff RingCentral, Inc.'s motion to dismiss and strike Nextiva, Inc.'s counterclaims. Dkt. No. 72. RingCentral argues that Nextiva's counterclaims contain the same errors that led to the dismissal of RingCentral's original complaint. The Court finds that Nextiva has sufficiently alleged its false advertising claims and its unfair competition claim, but fails to state sufficient facts to allege trade libel and intentional interference with prospective economic advantage.

Accordingly, the Court GRANTS IN PART and DENIES IN PART RingCentral's motion to dismiss Nextiva's counterclaims.

I.    **Background**

    A.    **Factual Allegations**

The facts alleged in the counterclaims are considered true for purposes of the motion to dismiss. Nextiva provides cloud-based unified communication services. *See*

United States District Court
Northern District of California

1    Dkt. No. 67 ¶ 8.  RingCentral provides similar services and competes against Nextiva.  *Id.*

2    ¶ 10.

3         RingCentral has carried out a wide-ranging and persistent scheme to disseminate

4    false and derogatory reviews on the internet about Nextiva and other competitors, as well

5    as posting false reviews about its own performance.  *Id.* ¶¶ 13–17.  RingCentral carries out

6    its scheme by allegedly creating and maintaining its own comparison webpage and uses

7    third-party sponsored websites where RingCentral or the sponsor purport to compare the

8    services offered and prices charged by RingCentral and Nextiva.  *Id.* ¶¶ 26–29.  On its

9    Comparison Page, RingCentral falsely claimed that: Nextiva's lowest-tier business phone

10   service plan is priced at $22.95 per month, when in fact it is priced at $19.95 per month;

11   and RingCentral's own low-tier business phone service plan, which costs $19.99 per

12   month, included unlimited conferencing but did not actually include such services.  *Id.* ¶

13   27.  Nextiva alleges that it has lost over two hundred prospective customers, "including the

14   Diamond Chain Company, Washington Environmental Council, Anago of Orange County,

15   and Gold Eagle Services LLC, as a result of RingCentral's disparagement and false

16   representations made about Nextiva on its comparative webpage."  *Id.* ¶ 95.

17       **B.    Procedural History**

18        On May 14, 2019, RingCentral filed its initial complaint, alleging claims against

19   unnamed defendants for tortious interference, trade libel, unfair competition, and

20   trademark infringement.  Dkt. No. 1.  After two rounds of dismissal (*see* Dkt. Nos. 53, 65),

21   Nextiva filed its answer and raised five counterclaims against RingCentral: (1) unfair

22   competition under Cal. Bus. & Prof. Code § 17200; (2) false advertising under Cal. Bus. &

23   Prof. Code § 17500; (3) false advertising under the Lanham Act, 15 U.S.C. § 1125(a); (4)

24   trade libel; and (5) intentional interference with prospective economic advantage.  Dkt. No.

25   67.

26        RingCentral now moves to dismiss and strike the counterclaims.  Dkt. No. 72.  All

27   parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).

28   *See* Dkt. Nos. 9, 51.

1

## II.   Legal Standard

2

### A.   Motion to Dismiss

3

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

4 sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

5 motion to dismiss, all allegations of material fact are taken as true and construed in the

6 light most favorable to the plaintiff.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d at 336,

7 337– 38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are

8 merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re*

9 *Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need

10 not allege detailed factual allegations, it must contain sufficient factual matter, accepted as

11 true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

12 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw

13 the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

14 *v. Iqbal*, 556 U.S. 662, 678 (2009).

15

If a court grants a motion to dismiss, leave to amend should be granted unless the

16 pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203

17 F.3d 1122, 1127 (9th Cir. 2000).  However, a court "may exercise its discretion to deny

18 leave to amend due to 'repeated failure to cure deficiencies by amendments previously

19 allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'"

20 *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

21

### B.   Motion to Strike

22

The Court "may strike from a pleading an insufficient defense or any redundant,

23 immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A Rule 12(f) motion

24 to strike serves "to avoid the expenditure of time and money that must arise from litigating

25 spurious issues by dispensing with those issues prior to trial."  *SidneyVinstein v. A.H.*

26 *Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d

27 1524, 1527 (9th Cir. 1993), *rev'd* on other grounds, 510 U.S. 517 (1994).  A defense may

28 be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense.  *Wyshak v.*

1    *City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see generally* Fed. R. Civ. P. 8.  A

2    court may also strike from an answer matter that is immaterial, i.e., "that which has no

3    essential or important relationship to the claim for relief or the defenses being plead," or

4    matter that is impertinent, i.e., that which does not pertain, and is not necessary, to the

5    issues in question.  *Fantasy*, 984 F.2d at 1527.  Motions to strike are generally disfavored

6    and "should not be granted unless the matter to be stricken clearly could have no possible

7    bearing on the subject of the litigation" or "unless prejudice would result to the moving

8    party from denial of the motion."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d

9    1048, 1057 (N.D. Cal. 2004) (citations omitted).  "If there is any doubt whether the portion

10   to be stricken might bear on an issue in the litigation, the court should deny the motion."

11   *Id.* (citations omitted).  "With a motion to strike, just as with a motion to dismiss, the court

12   should view the pleading in the light most favorable to the nonmoving party."  *Id.*

13   "Ultimately, whether to grant a motion to strike lies within the sound discretion of the

14   district court."  *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10,

15   2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

16   **III.  Discussion**

17        **A.    False Advertising (Count II and III)**

18        Claims of unfair competition and false advertising under California's False

19   Advertising Law ("FAL") and California's Unfair Competition Law ("UCL") are

20   "substantially congruent" to claims under the Lanham Act.  *Cytosport, Inc. v. Vital*

21   *Pharms., Inc.*, 894 F.Supp.2d 1285, 1295 (E.D. Cal. 2012) (quoting *Walker & Zanger, Inc.*

22   *v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168, 1182 (N.D. Cal. 2007)).  Thus, the Court will

23   consider both claims together.

24        A false advertising claim under the Lanham Act has five elements: "(1) a false

25   statement of fact by the defendant in a commercial advertisement about its own or

26   another's product; (2) the statement actually deceived or has the tendency to deceive a

27   substantial segment of its audience; (3) the deception is material, in that it is likely to

28   influence the purchasing decision; (4) the defendant caused the false statement to enter

4

1    interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of

2    the false statement, either by direct diversion of sales from itself to defendant or by a

3    lessening of the goodwill associated with its products." *Skydive Arizona, Inc. v.*

4    *Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15 U.S.C. § 1125(a)(1)(B)).

5         Because Nextiva alleges that "RingCentral's advertising, statements regarding

6    Nextiva's products and services . . . are false, misleading, and/or have the capacity,

7    likelihood, or tendency to deceive or confuse," its false advertising claim sounds in fraud

8    and is subject to the heightened pleading requirements of Federal Rule of Civil Procedure

9    9(b). *See TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017–18

10   (N.D. Cal. 2012). Accordingly, the complaint must allege "the who, what, when, where,

11   and how of the fraud." *Id.* at 1017 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

12   1097, 1106 (9th Cir. 2003)).

13        Nextiva's false advertising claim meets the Rule 9(b) pleading standard. The

14   counterclaim adequately alleges "who" made the statements, "what" the content of the

15   false statements were, and "how" they were false:

16        For example, RingCentral claims on that webpage the "$19.99 plan includes

17        unlimited conferencing, SMS and toll-free/local number;" however,

18        RingCentral's pricing webpage confirms that it does not include conferencing

19        with its $19.99 plan. Rather, "unlimited audio conferencing" is only offered

20        on its plans costing $24.99 per month and higher. Additionally, Nextiva's

21        plans are priced at $19.95; not $22.95, as RingCentral states.

22   Dkt. No. 67 ¶ 27. The counterclaim also satisfies the "when" and "where" by alleging that

23   the web address "https://www.ringcentral.com/sem/compare/nextiva.html#ring-1" was

24   accessed on May 11, 2020. Dkt. No. 67 at 8 n.12. This is enough because the Court could

25   determine whether the alleged misconducts were sufficiently disseminated. *Coastal*

26   *Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734–75 (9th Cir. 1999).

27        Nextiva has sufficiently alleged its false advertising claims. First, Nextiva alleged

28   that "[its] plans are priced at $19.94; not $22.95, as RingCentral states." Dkt. No. 67 ¶ 27.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Assuming that these facts are true, as the Court must on a motion to dismiss, RingCentral

2    plainly made false statements that could deceive the public as to Nextiva's prices.

3    RingCentral contends that its statements were true when made because Nextiva later

4    updated its pricing website.  *See* Dkt. No. 72 at 18.  But the Court may not consider facts

5    outside the complaint.  Thus, Nextiva has sufficiently alleged a false statement of fact that

6    has a tendency to deceive the public.

7            Second, materiality and likelihood of injury are also sufficiently alleged because

8    there could be plausible "lessening of goodwill associated with its products" when

9    RingCentral misrepresented the price and quality of Nextiva's products.  *Skydive Arizona,*

10   *Inc.*, 673 F.3d at 1110.  Nextiva also alleged that RingCentral manipulated Glassdoor's

11   employee reviews of Nextiva and artificially increased RingCentral's page ranking, which

12   could plausibly influence Nextiva's current and future customers' purchasing decisions.

13   Dkt. No. 67 ¶¶ 41–44.

14           RingCentral also argues that its statements merely contain exaggerated "puffery" as

15   opposed to statements of facts, and are thus not actionable.  Specific, quantifiable

16   "statements of facts" that refer to a product's absolute characteristics may constitute false

17   advertising, while general, subjective, unverifiable claims are "mere puffery" that cannot.

18   *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir.2008).  Here,

19   even if RingCentral's statement that "[Nextiva products have] limited potential for

20   integrations" can be considered "mere puffery," RingCentral's other statements on

21   Nextiva's pricing are not.  The statements on pricing are "statements of facts" because they

22   describe an absolute characteristic of Nextiva's products and are factually different than

23   Nextiva's actual pricing.  Thus, Nextiva has stated an actionable false advertising claim.

24           Accordingly, RingCentral's motion to dismiss Nextiva's false advertisement claim

25   is DENIED.

26       **B.    Trade Libel (Count IV)**

27       Nextiva's trade libel claim is based on "RingCentral's disparagement and false

28   representation made about Nextiva on its [Comparison Webpage]."  Dkt. No. 67 ¶91.

1          Trade libel is the intentional disparagement of property that results in pecuniary

2   damage. *Aetna Cas. & Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir.

3   1988).  A trade libel claim requires: (1) a publication, (2) which induces other not to deal

4   with plaintiff, and (3) special damages.  *Id.*  Under California law, a trade libel plaintiff

5   must allege special damages, i.e., specifically itemized pecuniary harm that was

6   proximately caused by the libelous statements.  *Piping Rock Partners, Inc. v. David Lerner*

7   *Assocs.*, 946 F. Supp. 2d 957, 981 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir.

8   2015).

9          RingCentral argues that Nextiva fails to identify any specific pecuniary harm and

10  Nextiva only alleges conclusively that it has "sustained financial loss."  *Id.* at 17.  The

11  Court agrees.  Trade libel plaintiffs must "identify particular customers and transactions of

12  which it was deprived as a result of the libel."  *Piping Rock Partners*, 946 F. Supp. 2d at

13  981.  Nextiva identifies "over two hundred prospective customers," but fails to allege how

14  these prospective customers in the aggregate were associated with any ongoing or future

15  sales as a result of RingCentral's alleged trade libel, nor does it mention any lost

16  transactions attributable to the alleged trade libel claim.

17         Although Nextiva identified four specific prospective clients that it allegedly lost as

18  a result of RingCentral's false statements, Nextiva's allegations as to those prospective

19  clients are conclusory.  As the Court previously explained, a trade libel plaintiff must also

20  allege and eventually "prove that the statement played 'a material and substantial part in

21  inducing others not to deal with [the plaintiff].'"  *Id.*  Nextiva's allegations merely

22  conclude that it lost those four named clients "as a result" of RingCentral's disparagement.

23  Nextiva fails to allege any facts suggesting that those clients were aware of RingCentral's

24  false statements or that they intended to deal with Nextiva.

25          Accordingly, the Court GRANTS RingCentral's motion to dismiss Nextiva's trade

26  libel claim with leave to amend.

27  **C.    Intentional Inference with Prospective Economic Advantage (Count V)**

28         Intentional interference with prospective economic advantage requires "(1) an

United States District Court
Northern District of California

United States District Court
Northern District of California

1    economic relationship between the plaintiff and some third party, with the probability of

2    future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship;

3    (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4)

4    actual disruption of the relationship; and (5) economic harm to the plaintiff proximately

5    caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

6    4th 1134, 1153 (2003) (quoting *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal.

7    App. 4th 507, 521–22 (1996)). Interference with prospective economic advantage is

8    actionable only if the underlying conduct is independently wrongful of the interference

9    itself. *Korea Supply*, 29 Cal. 4th at 1153.

10        To adequately allege "an economic relationship between the plaintiff and some

11    third party," courts in this district have held that the plaintiff must identify in some manner

12    an economic relationship with a specific individual. *See R. Power Biofuels, LLC v.*

13    *Chemex LLC*, No. 16-cv-00716-LHK, 2016 WL 6663002, at *16 (N.D. Cal. Nov. 11,

14    2016) (citing *Ramona Manor Convalescent Hosp. v. Care Enterps.*, 177 Cal. App. 3d

15    1120, 1133 (1986)). General allegations regarding prospective or future customers are

16    insufficient because they fail to adequately suggest that those relationships contain a

17    probability of future economic benefits. *See AlterG, Inc. v. Boost Treadmills LLC*, 388 F.

18    Supp. 1133, 1152 (N.D. Cal. 2019); *see also Korea Supply Co.*, 29 Cal. 4th at 1164 ("This

19    tort therefore protects the expectation that the relationship eventually will yield the desired

20    benefit, not necessarily the more speculative expectation that a potentially beneficial

21    relationship will arise.").

22        RingCentral argues that Nextiva did not allege with specificity any disrupted

23    economic relationship. Nextiva counters in its opposition that there was an economic

24    relationship because prospective customers "ultimately closed their inquiries into

25    Nextiva's services as a consequence of having viewed [RingCentral's] Comparison Page."

26    Dkt. No. 74 at 21.

27        But as the Court explains above, Nextiva fails to allege sufficient facts supporting

28    its allegations. Comparing the Court's prior order on Nextiva's own motion to dismiss

1    RingCentral's amended complaint is helpful.  In the Court's previous order, an economic

2    relationship existed between RingCentral and its named prospective clients there because

3    "at least one of [existing clients] canceled its account due to negative online reviews" and

4    those prospective customers actually cited the negative online reviews as the reason for not

5    purchasing its services.  Dkt. No. 65 at 6.  Here, Nextiva only alleged that "on information

6    and belief . . . Nextiva has lost over two hundred prospective customers . . . as a result of

7    RingCentral's [statements] on its comparative webpage."  This is insufficient.  Without

8    specific facts, the Court cannot plausibly infer that those prospective customers would

9    have dealt with Nextiva absent RingCentral's interference.

10         Accordingly, RingCentral's motion to dismiss Nextiva's interference with

11   prospective economic advantage claim is GRANTED with leave for Nextiva to amend.

12         **D.    Unfair Competition Claim (Count I)**

13         The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice."

14   Cal. Bus. & Prof. Code § 17200; *see* also *Cel-Tech Commc'ns, Inc. v. Los Angeles*

15   *Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  "Because Business and Professions Code

16   section 17200 is written in the disjunctive, it establishes three varieties of unfair

17   competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Cel-Tech*, 20

18   Cal. 4th at 180.  "Each prong of the UCL is a separate and distinct theory of liability."

19   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

20         Here, Nextiva has stated a claim for false advertising.  Thus, its UCL claim based

21   upon the unlawful prong survives as well.  Accordingly, the Court DENIES RingCentral's

22   motion to dismiss Nextiva's unfair competition claim.

23         **E.    Motion to Strike**

24         Motions to strike are generally disfavored and "should not be granted unless the

25   matter to be stricken clearly could have no possible bearing on the subject of the litigation"

26   or "unless prejudice would result to the moving party from denial of the motion."  *Platte*

27   *Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations

28   omitted).  "If there is any doubt whether the portion to be stricken might bear on an issue

United States District Court
Northern District of California

9

1    in the litigation, the court should deny the motion." *Id.* (citations omitted). "With a

2    motion to strike, just as with a motion to dismiss, the court should view the pleading in the

3    light most favorable to the nonmoving party." *Id.* Ultimately, whether to grant a motion

4    to strike lies within the sound discretion of the district court. *Cruz v. Bank of New York*

5    *Mellon*, No. 12–00846, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012); *see*

6    *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

7          RingCentral moves to strike ¶¶ 13–20, 24–25, 32, 36–62 from Nextiva's

8    counterclaim. Dkt. No. 72 at 6–7. Contrary to what RingCentral argues, these allegations

9    bear upon the subject matter of the litigation and provides background information on the

10   dispute. For example, the allegation on manipulating employee review on Glassdoor could

11   serve to establish Nextiva's false advertising or intentional interference claims. Dkt. No.

12   67 ¶ 41. Moreover, RingCentral has not shown that prejudice would result if the

13   challenged portions are not stricken. Accordingly, the Court finds that RingCentral has not

14   demonstrated that these allegations are entirely unrelated to the claims. Because motions

15   to strike are generally disfavored and the challenged portions are relevant to the claims, the

16   Court DENIES RingCentral's motion to strike.

### IV.  Conclusion

18         For the reasons discussed above, the Court GRANTS RingCentral's motion to

19   dismiss the trade libel and intentional interference claims; and DENIES RingCentral's

20   motion to dismiss the false advertising and unfair competition claims. The Court also

21   DENIES RingCentral's motion to strike. If Nextiva chooses to amend, it must file its

22   amended counterclaims by August 3, 2020. The amended counterclaims may not add

23   additional claims or parties without further leave of Court.

24         **IT IS SO ORDERED.**

25

26   Dated: July 17, 2020                    _____

27                                           NATHANAEL M. COUSINS
                                             United States Magistrate Judge

28

*United States District Court*
*Northern District of California*

10